State v. Melton

STATE OF NORTH CAROLINA v. EDDIE LEE MELTON

No. 7127SC278

(Filed 28 April 1971)

1. Criminal Law § 114— instruction ·that court found witnesses to be fingerprint expert

In a prosecution for breaking and entering and larceny wherein the State's case was based entirely upon fingerprint evidence, the trial judge erred in instructing the jury in two portions of the charge that he himself had found a State's witness to be a fingerprint expert.

2. Criminal Law § 114— instruction on circumstantial evidence — expression of opinion on fingerprint evidence

In a prosecution in which the State relied on fingerprint evidence, the court's instruction that circumstantial evidence is a recognized instrumentality of the law and when properly understood is highly satisfactory in matters of gravest moment, while a correct statement, tended in this case to create with the jury the impression that in the opinion of the court the fingerprint evidence of the State was highly acceptable and entitled to great weight.

3. Criminal Law § 114— instructions on fingerprints — expression of opinion

In a prosecution in which the State relied on fingerprint evidence, the trial court erred in instructing the jury that fingerprints found at the crime scene are "receivable in evidence" to identify the accused as the perpetrator of the crime if they could only have been placed there at the time the crime was committed, since the instruction was susceptible to the interpretation that the court was satisfied that a fingerprint found at the crime scene could only have been impressed there when the crime was committed before the court admitted the fingerprint in evidence.

APPEAL by defendant from *Falls, Judge,* 25 November 1970 Session of GASTON Superior Court.

Defendant was charged with breaking and entering with intent to commit larceny in the first count of the bill of indictment and with larceny after breaking and entering in the second count. The jury found him guilty as charged on both counts. From judgment entered on the verdict, defendant appealed. Upon a finding of defendant's indigency, counsel was appointed to perfect his appeal. Defendant failed to docket his appeal on time and moved, in writing, that the record on appeal be treated as a petition for writ of *certiorari.* The motion was allowed.

*Attorney General Morgan, by Staff Attorney Price, for the State.*

*Max L. Childers for defendant appellant.*

MORRIS, Judge.

[1]  Among errors assigned by defendant are portions of the court's charge to the jury. The State's entire case was based upon fingerprint evidence. Five witnesses testified for the State. Four of them gave testimony with respect to a fingerprint taken from the windowsill inside the living room of the house entered. The other witness was the owner of the premises entered and the property taken therefrom. In its charge, the court instructed the jury:

> "Another police officer named Ferguson testified about his training in the field of fingerprint comparisons, etc., and *the Court qualified him as an expert to testify as an expert in this field of fingerprint comparison and analysis.*" (Emphasis supplied).

and

> "In circumstantial evidence, it is a recognized instrumentality of the law in the ascertainment of truth and when properly understood and applied, it is highly satisfactory in matters of greatest *(sic)* moment."

and

> "Now, in passing upon the testimony in this case, members of the jury, you will recall that *the Court found as a fact that Officer Ferguson was an expert in the field of fingerprint comparison and analysis.* In that respect, I instruct you that the proof of fingerprints corresponding to those of an accused in a place where a crime has been committed, under such circumstances *that they could only have been impressed at the time when such crime was perpetrated, is receivable in evidence to identify the accused as the person who committed such crime.*" (Emphasis supplied).

We must agree with defendant that these portions of the charge, particularly under the circumstances of this case, constitute prejudicial error, inadvertent though it may be. We do not approve, under any circumstances, an instruction to the jury that a witness is an expert in the field about which he testified. The evidence given was admitted by the court and presumably

remembered by the jury. Here the court emphasized in two separate portions of the charge that he himself had found the witness to be an expert.

[2]   The statement that circumstantial evidence is a recognized instrumentality of the law in the ascertainment of truth and when properly understood and applied, is highly satisfactory in matters of gravest moment is certainly a correct statement. See *State v. Cummings,* 267 N.C. 300, 148 S.E. 2d 97 (1966). Nevertheless, in our opinion, its inclusion in the instructions to the jury tended to create with the jury the impression that in the opinion of the court the fingerprint evidence of the State was highly acceptable and entitled to great weight.

[3]   It is true that *in order to warrant a conviction,* the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed under such circumstances that they could only have been impressed at the time when the crime was committed. *State v. Smith,* 274 N.C. 159, 161 S.E. 2d 449 (1968), and cases there cited. Here, the court, after again reminding the jury that he had found the officer testifying as to the fingerprint to be an expert, instructed them that proof of prints corresponding to those of the accused in a place where a crime has been committed under such circumstances, that they could only have been placed there at the time of the commission of the crime, is *receivable into evidence* to identify the accused as the perpetrator of the crime. Here, of course, the fingerprint was received in evidence and the testimony with respect thereto admitted. The jury could have, from this instruction, particularly in light of previous instructions, understood that the court was satisfied that the fingerprint could only have been impressed at the scene at the time of the commission of the crime before he allowed the evidence in.

The evidence was that the prosecuting witness had been away from her home and there had been no one there for some three or four days at the time it was discovered that her house had been entered. When she returned home, having been notified that her home had been entered, the window on the front porch was raised "a couple of inches." The officer, who arrived before the prosecuting witness, testified he had gone there as the result of a telephone call and found the front door standing open about twelve or fifteen inches and the window "up two or three

inches." The officer dusted for fingerprints in other areas of the rooms which had been ransacked but found only those under the windowsill.

We come to the conclusion that the portions of the charge set out herein, to which defendant excepts, are sufficiently prejudicial to defendant to warrant a new trial. We do not discuss exceptions to the admission or exclusion of evidence as they will probably not occur upon retrial.

New trial.

Judges BROCK and HEDRICK concur.