STATE OF NORTH CAROLINA v. GARFIELD JORDAN

No. 727SC366

(Filed 24 May 1972)

1. Narcotics § 3; Criminal Law § 50— expert testimony — heroin — chain of possession

　　In this prosecution for selling heroin to an S.B.I. undercover agent, the State's evidence established a sufficient "chain of identity" between the substance the undercover agent testified defendant sold him and the substance which the State's chemist testified he found to contain heroin for the chemist's testimony to be admitted in evidence, notwithstanding there was no showing as to what post office employees may have handled the package while it was in the mails, there being evidence that the package was sealed when placed in the mails and sealed when received by the chemist, and there being no evidence that its contents had in any way been tampered with while in transit.

2. Criminal Law § 51— qualification of experts — finding by court

　　The qualification of a witness to testify as an expert in a particular field is a matter addressed initially to the sound discretion of the trial court, and the trial court's finding as to whether a witness is qualified as an expert is ordinarily conclusive, and will not be reviewed on appeal unless there is no evidence to support the finding or unless the trial court abused its discretion.

3. **Criminal Law § 51— expert witness — findings — supporting evidence**
      There was ample evidence in this prosecution for unlawful sale of heroin to support the trial court's finding that a State's witness was an expert in the field of chemistry and the identification of narcotic drugs.

APPEAL by defendant from *Cooper, Judge,* November 1971 Criminal Session of Superior Court held in NASH County.

Defendant was indicted for unlawfully selling a narcotic drug, heroin, to an S.B.I. agent. He pleaded not guilty, was found guilty by the jury, and from judgment imposing a prison sentence, appealed.

*Attorney General Robert Morgan by Associate Attorney General Henry E. Poole for the State.*

*Narron, Holdford & Babb by William H. Holdford for defendant appellant.*

PARKER, Judge.

[1] Appellant contends that evidence of the result of chemical tests made by the State's chemist in the Raleigh laboratory of the S.B.I. should have been excluded because there was not a sufficient showing of a "chain of identity" between the substance tested and the substance which the S.B.I. undercover agent testified he purchased from defendant in Nash County. The undercover agent testified that on the night of 31 January 1971 he paid defendant $120.00 and received in exchange a Marlboro cigarette pack containing thirty tinfoil packets, each of which contained a white powder which defendant told the agent was a high quality of heroin. The undercover agent testified that on the night he made the purchase he examined the contents of one of the tinfoil packets and observed it was a white powder. He placed his identification mark and the date and time of the purchase on the cigarette pack, and then delivered the marked cigarette pack with the packets inside to S.B.I. Agent Dowdy. Agent Dowdy testified he received the pack from the undercover agent, examined the thirty tinfoil packets with the white powder, placed his initials, the date, and the case file number on the pack, and then placed the pack with its contents in a small brown envelope, which he sealed with tape on which he also put his initials and file number. He then locked the envelope in the trunk of his car.

State v. Jordan

On the following day he placed the envelope with its contents in a second, larger, envelope, which he sealed with tape on which he also placed his initials and file number, and again locked the entire package in the trunk of his car. Three days later, on 4 February 1971, he mailed the package at the Rocky Mount Post Office by first-class mail to the State Bureau of Investigation, Raleigh, North Carolina and put on the outside of the larger envelope, "Attention: Chemical Laboratory—Evidence." J. M. Dismukes, a chemist employed in the Raleigh laboratory of the S.B.I., testified he received the sealed envelope in the laboratory on 5 February and placed it in a metal file cabinet, to which he had the only key, until he had an opportunity to examine its contents. On examining the contents of the larger envelope he found therein a smaller, sealed, envelope, which contained a cigarette box having thirty foil wrapped packets inside of it. He opened six of these foil packets and performed certain tests on the white powder found therein. These tests showed that the white powder contained the narcotic drug, heroin. He then put all of the packets back into the cigarette box, after marking the six which he had examined to distinguish them from those which he had not looked at. He placed his initials and file number on the box and put it back into the smaller envelope. He sealed the end of the smaller envelope with his initials, the date, and the file number of this case, and returned it to the larger envelope in which he had received it. He also sealed the larger envelope with his initials, the date, and the file number, and gave it to the secretary to return by first-class mail to Agent Dowdy. Agent Dowdy testified he received the sealed package at his post office box in Rocky Mount on 17 February 1971 and that it remained sealed from that date until it was opened in court on the day of the trial. The cigarette pack, the smaller envelope in which it was first placed, and the larger envelope in which it was mailed to Raleigh, were all introduced in evidence.

The State's evidence established a clear "chain of identity" between the substance which the undercover agent testified defendant sold him and the substance which the State's chemist testified he tested and found to contain heroin. Appellant's contention to the contrary, based primarily on the fact that there was no showing as to what post office employees may have handled the package while it was in the mails, is feckless. There was evidence that the package was sealed when placed

---

in the mails in Rocky Mount and sealed when received by the chemist in Raleigh, and there was no evidence indicating that its contents had been in any way tampered with while in transit.

[2, 3] Appellant's contention that the trial court erred in finding the State's witness, Dismukes, to be an expert in the field of chemistry and the identification of narcotic drugs is also without merit. The qualification of a witness to testify as an expert in a particular field is a matter addressed initially to the sound discretion of the trial court, and the trial court's finding that the witness is, or is not, qualified to testify as an expert is ordinarily conclusive and will not be reviewed on appeal, unless there be no evidence to support the finding or unless the trial court abused its discretion. *State v. Moore,* 245 N.C. 158, 95 S.E. 2d 548; Stansbury, N. C. Evidence 2d, § 133. In the present case there was ample evidence to support the trial court's finding that the witness, Dismukes, was an expert in the field of chemistry and the identification of narcotic drugs.

In the trial and judgment appealed from we find

No error.

Judges BRITT and HEDRICK concur.