STATE OF NORTH CAROLINA v. THOMAS P. MASON

No. 7215SC758

(Filed 20 December 1972)

1. **Criminal Law § 161— failure to object and except to order appealed from**
   Question of whether the court erred in the denial of defendant's request to· have an analytical chemist of his choice examine alleged narcotics was not before the appellate court where defendant failed to object and except to the entry of the court's order denying his request.

2. **Constitutional Law § 31; Criminal Law § 162— exhibits not furnished defendant in compliance with pretrial order**
   The trial court did not err in permitting the State to introduce exhibits not furnished to defendant in compliance with a pretrial order where defendant failed to object to the exhibits; nor did the court err in permitting testimony of the existence of a search warrant not furnished to defendant in compliance with the pretrial order where the warrant was not introduced in evidence and was as available to defense counsel as it was to the solicitor.

3. **Constitutional Law § 31— pretrial examination of State's expert — State's failure to arrange — due process**
   Defendant was not denied due process by the State's failure to arrange for a pretrial examination of an expert witness where the witness was listed on the State's report of compliance with a pretrial order as an "SBI Chemist," the solicitor was not requested to arrange an examination, and defendant failed to object to the witness's testimony.

4. **Criminal Law § 91— violation of pretrial order to furnish reports to defendant — denial of continuance**
   The trial court did not abuse its discretion in denying defendant's motion for a continuance made on the ground that the State had

failed to furnish to defendant all the reports required by a pretrial order.

5. **Narcotics § 4— possession and transportation of heroin — sufficiency of evidence**

The State's evidence was sufficient to be submitted to the jury in a prosecution for possession and transportation of heroin where it tended to show that police officers were following a car driven by defendant, that the occupants of the car recognized the officers, that both defendant and a passenger began doing something on the front seat with their hands, and that the passenger then threw a package from the car containing ten packages of heroin, a bottle cap, a needle and a syringe.

APPEAL by defendant from *McKinnon, Judge,* 10 January 1972 Session, Superior Court, ORANGE County.

Defendant was tried on two separate bills of indictment—one charging illegal possession of heroin and the other charging illegal transportation of heroin—both proper in form. He was convicted of both charges. From judgment entered sentencing him to a term of two years in prison, defendant appealed.

*Attorney General Morgan, by Associate Attorney Reed, for the State.*

*Winston, Coleman and Bernholz, by Barry T. Winston, for defendant appellant.*

MORRIS, Judge.

Upon call of the case for trial, defendant moved to continue the cases on the ground that all reports required by a previous order had not been submitted. The court denied the motion and this is the basis of defendant's first assignment of error.

G.S. 15-155.4 provides in pertinent part as follows:

"In all criminal cases before the superior court judge . . . shall for good cause shown, direct the solicitor or other counsel for the State to produce for inspection, examination, copying and testing by the accused or his counsel any specifically identified exhibits to be used in the trial of the case sufficiently in advance of the trial to permit the accused to prepare his defense. . . . Prior to issuance of any order for the inspecting, examining, copying or testing of any exhibit . . . under this section the accused or his counsel shall have made a written request to the solicitor or other counsel for the State for such inspection, examination,

copying or testing of one or more specifically identified exhibits . . . and have had such request denied by the solicitor or other counsel for the State or have had such request remain unanswered for a period of more than 15 days."

Under this section, when an accused has shown good cause, he is entitled to the benefits of the statute when he has (1) made written request to State's counsel that the State produce for defendant's examination, copying and testing sufficiently in advance of the trial to permit him to prepare his defense, (2) a specifically identified exhibit to be used in the trial of the case, and (3) the request has been denied or has remained unanswered for more than 15 days. See *State v. Macon,* 276 N.C. 466, 173 S.E. 2d 286 (1970).

[1] The record is devoid of anything on behalf of defendant showing good cause. We are not advised in the record of a request for a specifically identified exhibit, nor is there indication that the State had failed to answer his request for a period of more than 15 days. In the order entered by Judge Hobgood it is stated. "It is noted by the Court that in each of the above listed cases the defendant *now* seeks to have an Analytical Chemist of his choice examine the alleged narcotic substance which the State intends to use as an exhibit . . . " The order denied this request. Defendant did not object and except to the entry of the order. The question is, therefore, not before us.

[2] Defendant further contends that although the State filed a compliance with the order, it introduced certain exhibits at trial which had not been shown to defendant. Certain photographs and a lab report were used by the State in examining witnesses and introduced into evidence. The record is devoid of any objection raised by defendant. The officers had obtained a search warrant to search defendant and his car. However, the substance which proved to be heroin was thrown from the car when defendant realized the officers were following him. The search warrant was not executed. Testimony of existence of the search warrant was elicited only to show why the officers were following defendant. Defendant's only objection came when the witness identified the search warrant and was based on the fact that "The instrument speaks for itself." The search warrant was not introduced in evidence, and we see no possible prejudice to defendant. Nor can we perceive why the search warrant, a part of the court papers, was not just as available to defendant's counsel as to the solicitor.

Defendant did object to the introduction into evidence of State's Exhibit No. 6—the contents of a small envelope which the witness had testified contained heroin. The basis for his objection was that the exhibit "contained contradictory testimony." Contradictions are, of course, for the jury.

[3] Defendant also contends that the State's failure to arrange for pretrial examination of Mr. Keaton, an expert witness, was equally a denial of due process since Mr. Keaton was allowed to testify at the trial. This witness was listed in the compliance report by the State as "SBI Chemist." Nothing in the record remotely indicates that the solicitor was ever requested to arrange an examination. Mr. Keaton's direct testimony covers 4½ pages of the record. Nowhere in his testimony does an objection by defendant appear. Counsel for defendant cross-examined him, albeit not extensively, obviously sufficiently for his own satisfaction. This contention is equally without merit.

[4] Defendant contends that denial of his motion for continuance on the grounds set out constitutes prejudicial error. We do not agree. We perceive no denial of a constitutional right, nor a prejudicial denial of a right guaranteed by statute. The motion is, therefore, addressed to the sound discretion of the court. No abuse of discretion has been shown. Assignment of error No. 1 is overruled.

[5] Defendant's only other assignment of error is based upon the court's denial of his motion for nonsuit. He urges that the State failed to produce any evidence of defendant's knowledge of or possession of narcotics. We disagree. The officers testified that they had had information upon which they obtained a search warrant for a red car operated by Thomas Mason and Johnnie Robinson, both of whom were known to both officers. They found the car which was being operated by defendant with Johnnie Robinson a passenger and got behind it. Before the car got to the place decided upon by the officers to stop it, the red car was required to stop in obedience to a traffic light. The officers' car was directly behind it. The red car turned right and the officers followed it. The officers realized that the occupants of the red car had recognized them. Both driver and passenger of the red car began "doing something on the front seat with their hands." "There was general motion in there." Mason looked at Robinson, Robinson leaned over, and "Mason was leaning a little bit towards" Robinson. Robinson threw a package out of the right side of the car. This

package, it was subsequently determined, contained heroin (ten packages), a bottle cap, a needle and syringe. This evidence is sufficient for submission to the jury on the question of possession. See *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972).

No error.

Chief Judge MALLARD and Judge HEDRICK concur.