STATE OF NORTH CAROLINA v. MRS. MICHAEL (REBA) SPLAWN

No. 7417SC633

(Filed 18 September 1974)

1. **Narcotics § 4— distribution of amphetamines — sufficiency of evidence**
   The State's evidence was sufficient for the jury in a prosecution of defendant upon two charges of felonious distribution of amphetamine tablets where two SBI agents testified to separate sales to them by defendant of tablets which an SBI chemist testified his subsequent laboratory analysis showed to contain amphetamines.

2. **Constitutional Law § 31; Criminal Law § 80— motion to release tablets for analysis**
   In a prosecution upon charges of felonious distribution of amphetamines, the trial court's failure to allow defendant's motion for an order directing SBI agents to release at least two of the tablets in each case so that she could have an independent analysis made of them was not error where the record shows no request to the solicitor pursuant to GS. 15-155.4 and no denial of such request by him; further-

State v. Splawn

more, the court's failure to rule on such motion was not error where the record fails to show that the motion was ever brought to the trial court's attention with request that he rule upon it.

**3. Constitutional Law § 31— right to have witness appear before jury — waiver by counsel**

Defendant's right to have an SBI chemist testify against her only by appearing in person before the jury was a right which her counsel could waive in her behalf, and her counsel waived such right when he stipulated that the chemist's testimony, both on direct and cross-examination, could be taken on the day preceding the trial and read to the jury by the court reporter. Art. I, § 23 of the N. C. Constitution.

**4. Indictment and Warrant § 10— reference to alias**

Defendant was not prejudiced by reference in the indictments to an alias where the only time the alias was mentioned was when the solicitor read the indictments at the time of the arraignment and there was no showing that the reference to the alias in the indictments was made in bad faith.

**5. Criminal Law § 52; Narcotics § 3— expert testimony — results of analysis**

In a prosecution for felonious distribution of amphetamine tablets, the trial court did not err in permitting an SBI chemist to testify that his analysis of the tablets showed them to contain the substances amphetamine and methamphetamine rather than permitting the chemist to testify only in response to a question calling for his opinion as to what the tablets contained.

**6. Criminal Law § 86— cross-examination of defendant — impeachment — acts of criminal conduct**

In a prosecution for felonious distribution of amphetamines, the trial court properly permitted the solicitor to ask defendant on cross-examination for impeachment purposes whether she possessed and sold amphetamine tablets and other specified drugs on specified dates unrelated to the present cases, for which offenses defendant had not been tried and convicted.

**7. Criminal Law § 114— recapitulation of evidence — alibi — reference to wrong day**

In a prosecution for distribution of amphetamines wherein defendant presented evidence that she was at home sick in bed on the Wednesday when the offenses allegedly occurred at her store, the trial court's reference to Monday rather than to Wednesday as the day of a doctor's visit to defendant's home while recapitulating defendant's evidence did not constitute prejudicial error since it is clear that the jury understood that throughout such portion of the charge the judge was referring to the day the offenses were allegedly committed.

**8. Narcotics § 2— distribution of amphetamines — indictment**

Bills of indictment charging defendant with felonious distribution of amphetamines were valid, the reference to amphetamine as being a "controlled substance listed in Schedule II under the North Carolina Controlled Substances Act" being correct as of the date of the offenses charged.

ON *Certiorari* to review defendant's trial before *Long, Judge,* 4 November 1973 Session of Superior Court held in SURRY County.

In a consolidated trial, defendant was convicted on two charges of felonious distribution of amphetamine tablets, a violation of the North Carolina Controlled Substances Act. From judgment imposed she gave notice of appeal. To permit perfection of the appeal, this Court granted her petition for writ of certiorari.

*Attorney General Robert Morgan by Assistant Attorney General James E. Magner, Jr. for the State.*

*R. Lewis Alexander and Daniel J. Park for defendant appellant.*

PARKER, Judge.

[1] Defendant's motions for nonsuit were properly overruled. There was ample evidence to require submission of both cases to the jury. Two SBI agents testified to separate sales to them by defendant of tablets which the SBI chemist testified his subsequent laboratory analysis showed to contain amphetamines. Defendant's contention that she was entitled to nonsuit because the chemist's testimony was improperly admitted and that without his testimony there was no evidence to show the contents of the tablets is without merit. In passing on a motion for nonsuit all evidence admitted at trial, including incompetent evidence which may have been admitted over a defendant's objections, is to be considered. *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534 (1970); *State v. Virgil,* 263 N.C. 73, 138 S.E. 2d 777 (1964); *State v. McMilliam,* 243 N.C. 771, 92 S.E. 2d 202 (1956).

[2] Defendant assigns error to the court's failure to rule upon and allow her written motion, filed on 8 October 1973 and apparently intended to apply in eight other criminal cases then pending against her as well as in these two cases, in which she prayed for an order directing the SBI agents to release at least two of the pills or capsules in each case in order that she might have an independent analysis made of them. In this assignment of error we find no merit. "The common law recognized no right of discovery in criminal cases." *State v. Goldberg,* 261 N.C. 181, 134 S.E. 2d 334 (1964), cert. denied, 377 U.S. 978, 12 L.Ed. 2d 747, 84 S.Ct. 1884 (1964). By statute in this State,

G.S. 15-155.4, in criminal cases before the superior court the judge "shall for good cause shown, direct the solicitor or other counsel for the State to produce for inspection, examination, copying and testing by the accused or his counsel any specifically identified exhibits to be used in the trial of the case sufficiently in advance of the trial to permit the accused to prepare his defense." This statute expressly provides that prior to the issuance of any such order "the accused or his counsel shall have made a written request to the solicitor or other counsel for the State for such inspection, examination, copying or testing of one of more specifically identified exhibits . . . and have had such request denied by the solicitor or other counsel for the State or have had such request remain unanswered for a period of more than 15 days." Thus, the statute expressly contemplates request to the State's counsel and denial, or neglect by him equivalent to denial, prior to issuance of any such order. *State v. Macon,* 276 N.C. 466, 173 S.E. 2d 286 (1970) ; *State v. Mason,* 17 N.C. App. 44, 193 S.E. 2d 324 (1972). Here, the record fails to disclose any request made to or denial by the solicitor. All that the record shows is that the motion was filed in a large number of cases prior to the trial of these two cases, and nothing indicates that a copy was ever served upon the solicitor or that the motion was otherwise brought to his attention. Thus, defendant has failed to show that she complied with the statutory requirements for obtaining the relief which she sought. Furthermore, the record fails to show that defendant's motion was ever brought to the trial judge's attention with request that he rule upon it, and absent such a showing defendant's assignment of error directed to the trial judge's failure to rule will be considered without merit.

[3] Because the SBI chemist could not be present on the day of the trial, by stipulation of defendant's counsel the chemist's testimony was taken, both on direct and cross-examination, on the day preceding the trial. This testimony was then read to the jury at the trial by the court reporter. The stipulation by which defendant's counsel agreed to this procedure was made in open court and entered into the record prior to call of the cases, and at the trial no objection to this procedure was interposed on behalf of the defendant. On this appeal defendant contends that the procedure followed resulted in denial of her constitutional right under Art. I, Sec. 23 of the North Carolina Constitution to confront her accusers. In support of this contention, defendant argues that this is a right which may not be waived by

counsel but can be waived only by the accused in person. We do not agree. It is settled that the constitutional right of an accused to confront the witnesses against him may be waived even in a capital case, *State v. Moore,* 275 N.C. 198, 166 S.E. 2d 652 (1969), and defendant has cited no case which holds that such a waiver may not be effected by an accused's counsel acting in his behalf. *State v. Ferebee,* 266 N.C. 606, 146 S.E. 2d 666 (1966), cited and relied on by defendant, dealt with the right of the accused to be present during the course of his trial and did not deal with his right to have the witnesses against him testify in person before the jury. Other cases cited by defendant dealt with the right of confrontation and did not deal with the manner in which and by whom that right may be waived. One of the principal purposes served by the right of confrontation is to preserve to the accused the right of cross-examination, yet the right to cross-examination itself may be waived by an accused's counsel by simply failing to exercise it at the trial. We hold that defendant's right to have the SBI chemist testify against her only by appearing in person before the jury was a right which her counsel could waive in her behalf and that he did so in this case. Incidentally, we note that in this case defendant's counsel did not surrender but fully exercised the right to cross-examine the SBI chemist.

[4] Defendant next assigns as error that she was named in the indictments as "Mrs. Michael Splawn (Alias—Reba Money)," contending that the reference to an alias prejudiced the jury against her. Description of the accused in a bill of indictment by whatever alias name he may have been known to use, if done in good faith, is proper. *State v. Culp,* 5 N.C. App. 625, 169 S.E. 2d 10 (1969). In the present case the defendant admitted she had formerly been married to a man named "Money," and the bills of indictment were never read nor was any reference made to the alias at any time after the trial jury was selected and impaneled. The only time the alias was mentioned was when the solicitor read the bills of indictment at the time of the arraignment. There has been no showing that the reference to the alias in the bills of indictment was made in bad faith, and this assignment of error is overruled.

[5] On competent evidence the court found the SBI chemist, who held a doctorate in organic chemistry, to be qualified to give his opinion in the field of chemical analysis. The witness then testified that he made an analysis of the tablets given him

by the SBI agents and which they testified had been sold to them by the defendant. The solicitor then asked the witness what was the result of his analysis, and over defendant's objection the witness was permitted to answer that his analysis showed the tablets to contain the substances amphetamine and methamphetamine. Defendant assigns this as error, contending that the witness should have been permitted to testify only in response to a question calling for his opinion as to what the tablets contained. The witness, however, was testifying to an analysis which he had himself made and thus was testifying to facts which he had himself observed. It was competent for him to testify what the results of his analysis showed, and defendant suffered no prejudice when the witness was not required to give his answer only in the form of an expression of an opinion. We note that on cross-examination by defendant's counsel the witness testified in considerable detail as to the exact types of chemical tests which he made and the results which he obtained in making his analysis. We find no error in the admission of the chemist's testimony or in the admission in evidence of the written laboratory reports which he dictated and which were typed by his secretary and checked by him at the time his tests were made and which he testified correctly and accurately set forth his findings.

[6] Over objection the solicitor was permitted to ask defendant on cross-examination for impeachment purposes whether she had possessed and whether she had sold amphetamine tablets and other specified drugs on specified dates unrelated to the present cases, for which offenses she had not been tried and convicted. There was no error in the court's rulings permitting the solicitor to ask these questions. Although a witness, including the defendant in a criminal case, may not be cross-examined for purposes of impeachment as to whether he has been indicted or is under indictment for a criminal offense other than that for which he is then on trial, *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971), he may be questioned as to specific acts of criminal conduct, and such cross-examination for purposes of impeachment is not limited to questions concerning convictions of crimes. *State v. Foster*, 284 N.C. 259, 200 S.E. 2d 782 (1973). Here, the solicitor did not ask defendant whether she had been indicted or charged with other offenses but questioned her only concerning her own conduct.

Defendant assigns as error that the trial court did not allow counsel for defendant to cross-examine the State's witness Cabe

concerning a discrepancy in his testimony. The record does not support the contention on which this assignment is based, but on the contrary shows that defendant's counsel was permitted to cross-examine the witness fully. This assignment of error is overruled.

[7]   The indictments charged defendant with committing the offenses on 14 March 1973, and the two SBI agents testified that they purchased the tablets from defendant on that date, which was on a Wednesday. They testified that they arrived at the store operated by defendant where the purchases took place at approximately 11:30 a.m. and left about 1:15 p.m. Defendant testified she was sick on Wednesday, 14 March 1973, and that her store was not open at the time the agents testified they came there. Defendant's witness, Dr. Ralph M. Cook, testified that he went to see the defendant on 14 March 1973 between twelve and two o'clock, during the lunch hour and while he was on the way to the hospital, and at that time her store was closed for business and defendant was in her home sick in bed. While referring to this testimony in charging the jury, the judge said:

"The defendant's evidence further tends to show that on March 14, 1973, the date that she is alleged to have sold the drugs to Agents Prillman and Hoggard, that the defendant's store was not open for business except for a short while after school when the defendant's thirteen year old daughter opened the store.

"That the defendant on this date was sick and that some time between twelve Monday and two P.M., that Dr. Ralph Cook, a physician, came to make a house call and gave her a shot for nausea and headache pain, that the defendant was in the bed all day and the defendant's doctor returned to give her another shot after eight P.M."

Defendant now contends that reversible error occurred when the judge inadvertently referred to Monday rather than to Wednesday as the day of Dr. Cook's visit. We do not agree. Despite the judge's mistake in naming the wrong day of the week, we think it abundantly clear that the jury understood that throughout this portion of the charge the judge was referring to 14 March 1973, the day the offenses were alleged to have been committed. "Furthermore, it is the general rule that objections to the charge in reviewing the evidence and stating the contentions of the parties must be made before the jury

retires so as to afford the judge an opportunity for correction; otherwise they are deemed to have been waived and will not be considered on appeal." *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970). Here, defendant's counsel failed to call the judge's attention to the inaccuracy in his reference to the day of the week.

[8] Finally, we find no error in the denial of defendant's motions in arrest of judgments by which she challenged the validity of the bills of indictment. We find the bills of indictment valid. Defendant was adequately identified and the offenses charged were accurately stated. The reference to amphetamine as being a "controlled substance listed in Schedule II under the North Carolina Controlled Substances Act" was correct as of the date of the offenses charged. Nearly a year before that date and on 23 March 1972, the State Board of Health, acting under authority of G.S. 90-88, rescheduled effective 24 April 1972 amphetamine (as well as methamphetamine and certain other drugs) from Schedule III to Schedule II. See *State v. Newton,* 21 N.C. App. 384, 204 S.E. 2d 724 (1974).

We have carefully examined all of defendant's remaining assignments of error and find no prejudicial error in defendant's trial. Accordingly, in the trial and judgments rendered we find

No error.

Judges CAMPBELL and VAUGHN concur.