STATE OF NORTH CAROLINA v. JAMES CRAIG BELL

No. 745SC823

(Filed 15 January 1975)

1. Searches and Seizures § 4— warrant to search premises — search of vehicle on premises proper

Where a search warrant authorizing a search of the premises of defendant was supported by an affidavit referring to a house built on pilings with a storage room underneath, such description was sufficient to authorize the search of a vehicle parked under the house.

2. Narcotics § 4— constructive possession of marijuana — sufficiency of evidence

Evidence was sufficient to permit an inference that defendant was in possession of a vehicle and marijuana found therein where it tended to show that officers had seen defendant driving the car on several occasions, defendant's mother-in-law who owned the car let her daughter use it from time to time, and defendant admitted having driven it on the night of his arrest when it was found parked beneath the house occupied by him and rented in his name.

3. Narcotics § 4— marijuana from which resin not extracted — sufficiency of evidence

In a prosecution for possession of marijuana with intent to distribute, the trial court did not err in overruling defendant's motion for nonsuit based on his contention that the State failed to show that the substance in question was marijuana from which the resin had

State v. Bell

not been extracted where an SBI chemist testified that he performed a test to detect the presence of the active ingredient of marijuana in the plant resin, and the results of such test were positive.

4. **Narcotics § 4; Criminal Law § 50— substance as Cannabis Sativa L. —sufficiency of expert testimony**

An SBI chemist's identification of green vegetable material seized from defendant's premises as marijuana constituted a sufficient showing by the State that it was Cannabis Sativa L., a controlled substance under G.S. 90-95(f).

5. **Narcotics § 3— admission of marijuana — chain of custody established**

Trial court properly admitted marijuana into evidence in a prosecution of defendant for possession with intent to distribute where there was competent evidence to account for every link in the chain of possession from the time the marijuana was seized from defendant's premises until it was introduced at trial and where there was no evidence that employees trusted with mailing the sealed envelopes tampered with the contents.

6. **Narcotics § 4.5— date of crime — reference to witness — instructions not prejudicial**

The trial judge did not commit prejudicial error in his charge to the jury when on one occasion he made an erroneous reference to the date of the alleged crime, nor did he express an opinion by referring to a State witness as a qualified chemist.

APPEAL by defendant from *Tillery, Judge,* 1 April 1974 Session of Superior Court held in NEW HANOVER County. Heard in the Court of Appeals 11 December 1974.

Defendant was charged in an indictment with possession with intent to distribute more than five grams of marijuana in violation of Schedule VI of the North Carolina Controlled Substances Act. He pleaded not guilty and was tried before a jury.

The State's evidence centered around 207 grams of marijuana found by police officers in a search of defendant's premises. Defendant denied any knowledge of the marijuana in question.

The jury found him guilty as charged. From judgment imposing sentence of five years imprisonment, defendant appealed to this Court.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Keith L. Jarvis, for the State.*

*Goldberg and Anderson, by Frederick D. Anderson, for defendant appellant.*

ARNOLD, Judge.

Defendant's principal assignment of error concerns the lawfulness of the search which resulted in the seizure of marijuana introduced in evidence at trial. Upon defendant's motion to suppress, the court held a *voir dire* hearing at which Officer Milton R. Rice of the Wrightsville Police Department testified that on 9 December 1973 he obtained a warrant authorizing a search of "the premises and James Craig Bell and Carol Bell for the property in question." The premises were described in the supporting affidavit as follows: "Wood frame house, one story, built on pilings, gray asbestos siding with white trim, storage room under building, located at 111 Parmele Blvd., Wrightsville Beach, N. C. . . . " Rice and other officers went to 111 Parmele Boulevard to serve the warrant. They knocked several times and announced their presence. Receiving no answer, they entered the house. After reading the warrant to the Bells, the officers began the search. In the living room they found a pipe and several roach clips. Under the back seat of a red Volkswagen parked beneath the house they found ten plastic bags containing vegetable matter later identified as marijuana.

[1] Defendant contends that the trial court erred in concluding that "the use in the affidavit of the word 'premises' is sufficiently broad to justify a search of the automobile found parked under 111 Parmele Boulevard and described as a red Volkswagen," and in denying defendant's motion to suppress evidence. Following the rationale of our decision in *State v. Reid,* 23 N.C. App. 194, 208 S.E. 2d 699, *affirmed,* 286 N.C. 323, _ _ S.E. 2d . _, we agree with the conclusion of the trial court. In the *Reid* case we held that an automobile search authorized by a "premises" search was not improper when the underlying affidavit referred to more than the building itself. In the case at bar, the affidavit referred to a house, built on pilings, with a storage room underneath. We hold that this description was sufficient to authorize the search of a vehicle parked under the house.

Defendant further assigns as error the trial court's denial of his motions for nonsuit on the grounds: (1) that defendant himself was not shown to have possessed any marijuana; (2) that the State failed to show that the substance in question was marijuana "from which the resin had not been extracted" as required by the statute then in force, G.S. 90-95(f); and (3)

that there was no substantial evidence that this marijuana was the species Cannabis Sativa L., the statutory definition of marijuana.

When the trial court denied his motion for nonsuit at the close of the State's evidence, defendant then put on evidence and thereby waived the right to except to that ruling on appeal. *State v. Norris,* 242 N.C. 47, 86 S.E. 2d 916. In considering his later exception, we therefore take into account all the evidence, and, viewing it in the light most favorable to the State, inquire as to whether there is any competent evidence to support the allegations in the indictment. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469; *State v. Roberts,* 270 N.C. 655, 155 S.E. 2d 303. Viewing the case in this light, we are of the opinion that there was ample evidence to go to the jury and to support the verdict.

[2] In the case of *State v. Harvey,* 281 N.C. 1, 12, 187 S.E. 2d 706, 714, it is stated:

> "An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession."

*See also State v. Allen,* 279 N.C. 406, 183 S.E. 2d 680. Four police officers testified that they had seen defendant driving a red Volkswagen on several occasions. Defendant's mother-in-law, owner of the vehicle in question, testified that she let her daughter use it from time to time. Defendant admitted having driven it on the night of his arrest, when it was found parked beneath the house occupied by him and rented in his name. Taken together, the foregoing evidence is more than sufficient to permit an inference that defendant was in possession of the vehicle and its contents.

[3] Phillip Williamson, a chemist employed by the State Bureau of Investigation, identified the substance seized and testified that his analysis revealed it to be marijuana. He likewise testified on cross-examination that the chemical test he used detects the presence of tetrahydrocannabinol (THC), the active ingredient in marijuana, in the plant resin. Since the results of

the test were positive, it follows that the substance tested was marijuana from which the resin had not been extracted.

[4] Williamson was also cross-examined on his familiarity with theories that there are at least three species of Cannabis. He testified that as far as he knew the existence of the species Cannabis Indica and Cannabis Ruderalis had not been proven and that there is only one species of marijuana, Cannabis Sativa L. Defendant did not refute this testimony. Williamson's identification of the green vegetable material as marijuana constitutes a sufficient showing by the State that it was Cannabis Sativa L., a controlled substance under G.S. 90-95 (f). There was ample evidence that defendant had in his possession more than five grams of this substance. His motion for nonsuit was therefore properly overruled.

[5] Defendant also contends that the State failed to establish a clear "chain of identity" between the substance found in the red Volkswagen and the substance introduced at the trial. In *State v. Jordan,* 14 N.C. App. 453, 188 S.E. 2d 701, we held on similar facts that the State's evidence established a clear "chain of identity" where the package containing the narcotics was sealed before mailing, remained sealed upon receipt, and there was no evidence of tampering by postal employees. In the instant case there was competent testimony to account for every link in the chain of possession and no evidence that employees entrusted with mailing the sealed envelopes tampered with the contents. We hold therefore that the evidence was properly admitted.

[6] Defendant's contention that the trial court erred in its charge with respect to the date of the alleged offense is without merit. The charge will be construed contextually, and segregated portions will not be held prejudicial error when the charge as a whole is free from objection. *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476; *accord, State v. Bailey,* 280 N.C. 264, 185 S.E. 2d 683. In reading the bill of indictment, in reviewing the evidence obtained from the search, and in charging as to codefendant Carol Bell, the court correctly put the date at 9 December 1973. The one omission of the date and the one reference to "on or about the 8th day of December 1973" in the charge were corrected by the charge as a whole.

We do not agree with defendant that the trial court expressed an opinion in the charge by referring to the witness

Williamson as a "qualified chemist." In context, this statement is distinguishable from that made in *State v. Melton*, 11 N.C. App. 180, 180 S.E. 2d 476. There the trial judge, in two different portions of his charge, told the jury that he himself had found the officer testifying as to fingerprint evidence to be an expert. There were intimations by the judge in the *Melton* case that the witness should be believed. In a later case, *Speizman Co. v. Williamson*, 12 N.C. App. 297, 183 S.E. 2d 248, *cert. denied*, 279 N.C. 619, 184 S.E. 2d 113, we found no prejudicial error in the trial court's finding in the presence of the jury that a non-party witness was an expert when the finding did not deal with any issue for the jury to decide. Finally, in *State v. Frazier*, 280 N.C. 181, 185 S.E. 2d 652, *vacated on other grounds*, 409 U.S. 1004 (1972), the North Carolina Supreme Court held that ruling in the presence of the jury that a witness was an expert could only be understood by the jury to mean the witness was qualified to give an opinion. *See* 1 Stansbury, N. C. Evidence 2d (Brandis rev.), § 133. The portion of the charge, in the case at bar, was merely a statement of what the State's evidence tended to show, *i.e.*, that certain substances were examined by a qualified chemist. In no way did the trial court insinuate that he believed the witness or that the jury should believe the witness.

We have examined defendant's other assignments of error and find all to be without merit.

No error.

Judges MORRIS and MARTIN concur.