STATE OF NORTH CAROLINA v. JIMBO OLSEN

No. 743SC1085

(Filed 16 April 1975)

1. **Criminal Law § 15; Jury § 7— pretrial publicity — motion for change of venue denied — challenges of jurors denied**

    The trial court did not abuse its discretion in denying defendant's motion for a change of venue or in denying defendant's challenges of jurors for cause on the ground of unfavorable pretrial publicity where the newspaper articles complained of were not inflammatory or prejudicial and jurors stated that they could render a fair and impartial verdict even though they had read the articles.

2. **Criminal Law § 75— statements by defendant — no Miranda warnings — admissibility**

    Testimony of an undercover agent concerning statements made to him by defendant were admissible in a prosecution for sale and possession with intent to sell amphetamines, though defendant had not been given *Miranda* warnings, since, at the time the statements were made, defendant was not in custody and no crime had been committed.

3. **Criminal Law § 42— admissibility of amphetamines — chain of custody established**

    The trial court in a prosecution for sale of amphetamines did not err in admitting evidence with respect to tablets sold to an undercover agent, the containers in which they were kept, and their transportation to and from the SBI laboratory where officers who handled the drugs positively identified the exhibits and accounted for every link in the chain of possession.

APPEAL by defendant from *Copeland, Judge.* Judgment entered 12 September 1974 in Superior Court, CARTERET County. Heard in the Court of Appeals 13 March 1975.

Defendant was charged in separate bills of indictment with sale and delivery of amphetamines and possession with intent to manufacture, sell and deliver amphetamines, in violation of Schedule II of the North Carolina Controlled Substances Act. He pleaded not guilty and was tried before a jury.

The State's evidence tended to show that on the night of 26 January 1974, Rick Myers, an undercover agent for the Carteret County Sheriff's Department, went to the John Bar. There he approached defendant and asked him where he could get something "for the head." Defendant replied that there were "some meth tabs going around." Defendant then spoke to a man standing beside the juke box and told Myers to go into the

rest room. Defendant followed and handed Myers a small cellophane packet, containing approximately 100 white tablets, in exchange for $25.00. The tablets were turned over to an SBI chemist whose analysis revealed them to contain amphetamine.

Defendant offered no evidence. The trial court charged the jury on simple possession and sale and delivery of amphetamine. The jury found defendant guilty of both offenses. From judgment imposing a prison sentence, he appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General T. Buie Costen, for the State.*

*McCotter & Mayo, by Charles K. McCotter, Jr. and Hiram J. Mayo, Jr., for defendant appellant.*

ARNOLD, Judge.

[1]  Defendant contends that the trial court erred in denying his motion for change of venue and his challenges for cause on the ground of unfavorable pretrial publicity. Both of these matters are addressed to the sound discretion of the trial court, and its rulings on them are not reviewable absent a showing of abuse. *State v. Cox*, 281 N.C. 275, 188 S.E. 2d 356 (1972) ; *State v. Porth*, 269 N.C. 329, 153 S.E. 2d 10 (1967).

Defendant has submitted copies of newspaper articles about the closing of the John Bar and the prosecution of persons arrested there. We do not consider these articles to be inflammatory or prejudicial. The court, having advised defendant that he would be allowed to question prospective jurors about prejudice arising out of publicity, concluded that defendant could receive a fair trial in Carteret County. All the jurors then stated that they could render a fair and impartial verdict even though they had read the newspaper articles. We find here no abuse of discretion on the part of the trial court.

[2]  Defendant next contends that the court committed error in admitting testimony of the undercover agent Rick Myers concerning statements made by defendant without his having been given the *Miranda* warnings. These warnings, of course, apply only to custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436 (1966) ; *State v. Fletcher*, 279 N.C. 85, 181 S.E. 2d 405 (1971). When defendant talked to Myers he was not in custody; no crime had been committed. His statements clearly were admissible.

[3]   Defendant objects to the admission of evidence with respect to the tablets sold to agent Myers, the containers in which they were kept, and their transportation to and from the SBI laboratory. His contentions are without merit. *Compare State v. Jordan*, 14 N.C. App. 453, 188 S.E. 2d 701 (1972) ; *and State v. Bell*, 24 N.C. App. 430, 210 S.E. 2d 905 (1975). Officials who handled the drugs positively identified the exhibits and accounted for every link in the chain of possession. This evidence, along with Myers' testimony, was more than enough to take the case to the jury on every element of the offenses charged. *See State v. Splawn*, 23 N.C. App. 14, 208 S.E. 2d 242 (1974). *See generally* 5 Strong, N. C. Index 2d, Narcotics § 4, p. 726. Defendant's motion for a directed verdict of not guilty was properly denied.

Assignments of error relating to the charge and to the sentence imposed are too strained to merit discussion. Defendant has received a fair trial free from prejudicial error.

No error.

Judges MORRIS and VAUGHN concur.