STATE OF NORTH CAROLINA v. JOHN LEWIS WILLIAMS

No. 7321SC733

(Filed 27 December 1973)

1. **Criminal Law § 42; Narcotics § 3— identification of heroin — chain of possession**

The State sufficiently connected heroin identified at trial by an SBI chemist with white powder purchased by an undercover agent from defendant for the heroin to be admitted in evidence where the

State v. Williams

State's evidence tended to show that the substance purchased from defendant was locked in the trunk of the agent's car overnight and taken by him the next morning to a district SBI office where a preliminary test for heroin was conducted, the substance was then placed in a manila envelope and sealed with identifying marks on the envelope, the envelope was returned to the locked trunk of the agent's car and remained there for two days, the agent delivered the envelope and its contents to an SBI chemist in Raleigh, and the .chemist delivered them to another SBI chemist who analyzed the substance and identified it at the trial as heroin.

2. **Criminal Law § 114; Narcotics § 4.5— sale of heroin — instructions — analysis of substance sold**

In a prosecution for selling heroin, the trial judge did not assume that a substance tested by a chemist and presented in evidence was the same substance sold by defendant when he charged the jury that the State had offered evidence which "tends to show" that defendant sold a substance that was later analyzed by an SBI chemist as containing heroin.

APPEAL by defendant from *Collier, Judge,* 9 April 1973 Session of Superior Court held in FORSYTH County.

Defendant was indicted for selling heroin to C. E. Douglas on 10 March 1972 at Winston-Salem. He entered a plea of not guilty and was tried before a jury.

The State's evidence consisted of the testimony of the undercover agent, C. E. Douglas, who made the purchase from defendant and the testimony of Charles H. McDonald, the chemist employed by the State Bureau of Investigation who made the chemical analysis and determined that the substance delivered to him by Douglas was heroin.

Defendant offered no evidence.

The jury returned a verdict of guilty and defendant was sentenced to five years imprisonment. From this judgment, he appeals.

*Attorney General Morgan, by Assistant Attorney General Edwin M. Speas, Jr., for the State.*

*White and Crumpler, by Fred G. Crumpler, Jr., Michael J. Lewis and Melvin F. Wright, Jr., for defendant appellant.*

BALEY, Judge.

[1]   The principal contention of the defendant is that the State has failed to connect the heroin which was identified at the trial

by the State chemist with the white powder purchased from him by the undercover agent, Douglas, and that its admission into evidence is error.

Before any articles are admitted into evidence, they must be properly identified. *State v. Winford,* 279 N.C. 58, 181 S.E. 2d 423 (penknife) ; *State v. Eagle,* 233 N.C. 218, 63 S.E. 2d 170 (bottle of whiskey). "To justify their admission, a proper foundation must be laid, and such articles must be identified as the articles they are purported to be, and shown to be connected with the crime or with accused. . . . " 22A C.J.S., Criminal Law, § 709, p. 949.

In its most favorable light the State's evidence in this case showed the purchase of "almost a spoon of heroin" from the defendant on 10 March 1972 at Winston-Salem. The substance purchased was put in the locked trunk of the agent's car overnight and taken by him the next morning to the district office of the State Bureau of Investigation at Greensboro where a preliminary test for heroin was conducted. The substance was then placed in a manila envelope and sealed with identifying marks on the envelope indicating the case file number, date, time, and initials of agent Douglas, and returned to the locked trunk of the car. The car remained at the Douglas residence for two days and on 13 March Douglas carried the envelope and its contents to Raleigh and delivered them to Thomas H. McSwain, a chemist for the State Bureau of Investigation. It was stipulated that McSwain delivered them to another SBI chemist, Charles H. McDonald, on 14 March. McDonald testified that he made the chemical analysis and that the substance delivered to him was heroin, and he identified it at the trial. While there was some vagueness and confusion in the testimony of agent Douglas, the State's evidence was sufficient as a whole to show a connected tracing of the heroin and to identify it properly for admission into evidence.

[2]  Defendant excepts to the following portion of the charge of the court: "The State has offered evidence which tends to show that on March tenth, 1972, the defendant, John L. Williams, sold a substance to Curtis Douglas for a hundred and twenty-five dollars and when that substance was later analyzed by the chemist from the SBI lab in Raleigh, it was determined to contain heroin." Presumably defendant contends that the charge assumes that the substance tested by the chemist and presented in evidence was the same substance sold by defendant.

We do not so interpret it. The court was giving the contentions of the State. The instruction plainly stated that the State's evidence "tends to show" and left it for the jury to determine what the evidence actually did show. There was ample evidence to support this statement of the State's contentions.

The charge when taken in full context properly instructs the jury to consider all the evidence and places the burden upon the State to prove beyond a reasonable doubt that the defendant distributed the heroin.

The verdict of the jury is fully supported by the evidence. Defendant has shown no prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.