State v. Bell

STATE OF NORTH CAROLINA v. PAUL EDWARD BELL

No. 764SC1017

(Filed 6 July 1977)

**1. Narcotics § 3— demonstration of cutting and mixing heroin — relevancy of evidence**

In a prosecution for possession of heroin and for manufacture of heroin, the trial court did not err in allowing a narcotics agent's testimony and demonstration regarding the process of cutting, bagging and mixing heroin where there was evidence linking defendant to cutting, bagging and mixing equipment found in the motel room in which defendant was arrested; moreover, the agent's demonstration and testimony was important to help the jury better understand the manufacturing charge against defendant, and it was helpful in illustrating to the jury how the items found in the motel room could have been used to package heroin.

**2. Narcotics § 3— value of heroin — evidence not prejudicial**

Defendant was not prejudiced by the testimony of a narcotics agent concerning the value of a bindle of heroin the size of one he folded in court while testifying, since G.S. 90-95 makes it unlawful to possess any amount of heroin regardless of value.

**3. Narcotics § 4— possession and manufacture of heroin — sufficiency of evidence**

In a prosecution for possession of heroin and for manufacture of heroin, evidence was sufficient to be submitted to the jury where it tended to show that defendant was present in a motel room at the time officers arrived to conduct a search; defendant's fingerprints were found on tinfoil packets containing heroin; his name was on a prescription bottle which was found in a carrying case containing tinfoil, plastic bags, measuring spoons, a sifter, and a razor blade box cutter, all of which are used in the cutting and packaging of heroin; and defendant was the one who paid for the motel room.

---

State v. Bell

---

APPEAL by defendant from *Rouse, Judge.* Judgment entered 16 July 1976 in Superior Court, ONSLOW County. Heard in the Court of Appeals 5 May 1977.

The defendant was indicted for possession with intent to manufacture, sell, and deliver heroin, a Schedule I controlled substance, and for manufacture of heroin. He entered a plea of not guilty to both charges.

The State offered evidence which tended to show the following: On the night of 30 April 1976 at 9:50 p.m., Officer Paul Buchanan, a narcotics agent with the City of Jacksonville, went to room number 214 of a local motel along with another officer for the purpose of executing a search warrant. Upon their arrival at the motel room, the officers found the defendant and a woman by the name of Angela Millander occupying the room. A search was then made pursuant to the warrant and three plastic bags containing tinfoil packets of white powder were found under the carpet in two different places. Also found in the motel room was a black carrying case containing tinfoil, a box of plastic bags, a box cutter with a razor blade, a sifter, three measuring spoons, and a small medicine bottle with the defendant's name on the prescription label. Further evidence by the State tended to show that the sifter, spoons, and tinfoil are used in cutting and packaging heroin for sale. The defendant was later fingerprinted and an SBI agent testified that his prints matched those prints lifted earlier from the tinfoil packets. An analysis revealed that the powder taken from the tinfoil packets was heroin and quinine. The State's evidence also tended to show that the defendant had paid for the motel room numbered 214.

The defendant did not testify. He did, however, present evidence tending to show that the motel room was registered in the name of Wanda Williams. He and Angela Millander had only been in the motel room for a short while when the police arrived and searched.

The jury returned a guilty verdict on both charges and the defendant was sentenced to concurrent terms of nine to ten years each. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney William H. Boone, for the State.*

*Louis Jordan, for the defendant.*

MARTIN, Judge.

[1]　The defendant brings forth twenty-nine assignments of error which he presents as nine arguments for our consideration. Both of defendant's first two arguments pertain to the admission of narcotics agent Buchanan's testimony and demonstration regarding the process of cutting, bagging, and mixing heroin. Defendant contends that the trial court erred in admitting this evidence since there was no evidence adduced at trial to show that the defendant cut, bagged, or mixed the heroin in question. We disagree.

During his search of the motel room in which the defendant was arrested, Buchanan found plastic bags containing tinfoil packets of white powder. He also found a black bag which contained tinfoil, a box of plastic bags, a box cutter with a razor blade, a sifter, three spoons, and a prescription bottle. Contrary to the defendant's contention, there was evidence linking the defendant to the items found in the motel room. For example, the prescription bottle found among the other items in the black bag had the defendant's name on it and the defendant's latent fingerprints were removed from the tinfoil packets which were later found to contain heroin.

There is an additional reason why the court did not err in admitting Buchanan's testimony. The defendant was tried, among other things, for the manufacture of heroin. G.S. 90-87 (15) defines the term "manufacture" to include the packaging or repackaging of a controlled substance or the labeling or re-labeling of its container. Buchanan's demonstration and testimony concerning the process of cutting, bagging, and mixing heroin was important to help the jury better understand the charges against the defendant and it was helpful in illustrating to the jury how the items contained in the black carrying case could have been used to package heroin. See *State v. Covington*, 22 N.C. App. 250, 206 S.E. 2d 361 (1974). Defendant's first and second arguments are therefore overruled.

[2]　By defendant's third argument, he contends the trial court erred in its admission of testimony by Agent Buchanan as to the value of a bindle of heroin the size of one he folded in court while testifying. The defendant contends that this evidence is inadmissible since there had been no other evidence of value of the heroin taken from the motel room. We disagree.

The defendant was not prejudiced by this testimony since G.S. 90-95 makes it unlawful to possess any amount of heroin *regardless of value.* See *State v. Thomas,* 20 N.C. App. 255, 201 S.E. 2d 201 (1973). This argument is overruled.

In his next argument, defendant contends that the court erred in its denial of his motion for judgment as of nonsuit as to each charge. We disagree.

[3] The defendant argues that the motion for judgment as of nonsuit should have been granted because the State failed to establish a sufficient nexus between the defendant and the manufacture of the heroin. He specifically points to the fact that no fingerprints were found on the items supposedly used to manufacture the heroin and there was no evidence as to when the heroin was manufactured or who manufactured it. In making this argument, the defendant points to *State v. Baxter,* 21 N.C. App. 81, 203 S.E. 2d 93 (1974), reversed on other grounds in *State v. Baxter,* 285 N.C. 735, 208 S.E. 2d 696 (1974). *Baxter* is distinguishable, however, because there the defendant was not at home at the time of the search and had not been at home in over a week. In the instant case, the State's evidence tends to show that the defendant was present in the room at the time the officers arrived to conduct the search; that his fingerprints were found on the tinfoil packets containing heroin; that his name was on a prescription bottle which was found in a carrying case containing tinfoil, plastic bags, measuring spoons, a sifter, and a razor blade box cutter, all of which are used in the cutting and packaging of heroin; and that he was the one who paid for the motel room. Viewing this and all other evidence in the light most favorable to the State, as we are required to do, we hold that the trial court properly denied defendant's motion for nonsuit as to each charge. *State v. Edwards,* 286 N.C. 140, 209 S.E. 2d 789 (1974).

We have reviewed defendant's remaining arguments and find them to be without merit.

Defendant received a fair trial free from prejudicial error.

No error.

Judges BRITT and PARKER concur.