STATE OF NORTH CAROLINA v. HOMER RAY FRUITT

No. 7719SC625

(Filed 7 February 1978)

1. **Searches and Seizures § 41— execution of warrant—notice of identity and purpose at dwelling—absence of second notice at outbuilding**

   Where an officer, in executing a warrant to search a dwelling and an outbuilding to the rear thereof, complied with the provisions of G.S. 15A-249 by giving notice of his identity and purpose at the dwelling house where people might reasonably be expected to be, the officer did not commit a substantial violation of that statute by failing to give a second notice at the outbuilding, which was padlocked on the outside in a manner making it highly improbable that anyone was inside. Therefore, suppression of marijuana seized from the outbuilding was not required by G.S. 15A-974(2) because of the officer's failure to give the second notice.

2. **Searches and Seizures § 42— search of unoccupied premises—failure to leave warrant and inventory—no substantial violation of statutes—suppression of seized evidence not required**

   An officer's violation of G.S. 15A-252 by carrying seized marijuana from unoccupied premises without leaving a copy of the search warrant affixed to the premises, and his violation of G.S. 15A-254 by failing to leave in the premises an itemized receipt of the items taken, did not constitute a "substantial" violation of G.S. Ch. 15A so as to require suppression of the marijuana under G.S. 15A-974(2) where the officer returned to the premises within four hours and delivered to defendant personally a copy of the inventory of the items taken, the officer was "pretty sure" he gave defendant a copy of the warrant at that time and defendant offered no evidence that he did not then receive it, the violations occurred after the search was completed, and nothing in the record indicates the officer's violations were willful.

APPEAL by the State from *McConnell, Judge.* Order entered 10 March 1977 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 1 December 1977.

Defendant was indicted for felonious possession of marijuana. The court granted his pretrial motion to suppress evidence of marijuana found on his premises. The State filed the certificate called for in G.S. 15A-979(c) and appealed.

*Attorney General Edmisten by Associate Attorney Christopher P. Brewer for the State, appellant.*

*William H. Heafner and Deane F. Bell for defendant appellee.*

PARKER, Judge.

Marijuana was found on defendant's premises after a search made under authority of a search warrant. As one ground for his motion to suppress, defendant asserted in the trial court that the warrant was invalid because it shows on its face that the informant was not reliable. We find the warrant valid on its face and turn our attention to the principal question presented by this appeal, whether the evidence was obtained as a result of a substantial violation of the provisions of G.S. Ch. 15A such that it must be suppressed under G.S. 15A-974(2). We find no such substantial violation and accordingly reverse.

Prior to ruling on defendant's motion, the trial court held a hearing at which uncontradicted evidence was presented by the State to show the following: The search warrant, which was issued on the sworn application of a deputy sheriff based on information given him by a confidential and reliable informant, authorized search for marijuana of defendant's dwelling and of a small frame outbuilding located 50 feet to the rear thereof. The warrant was issued at 2:00 p.m. on 12 April 1976. Taking the warrant with him, the deputy arrived at defendant's dwelling between 2:45 and 3:00 p.m. He knocked several times and waited. When satisfied no one was home, he read the warrant out loud so that anyone present would have heard him. He then went to the outbuilding, where he had been informed the marijuana was located. He found the outbuilding locked with a padlock. He did not again read the search warrant. Using a screwdriver to remove the latch, he opened the door and went in. Inside, he found a quantity of marijuana and plastic bags in a blue cloth bag. Taking these items with him, he left defendant's premises after having been there about 20 minutes. He did not leave a copy of the search warrant affixed to the premises nor did he leave a receipt itemizing the items taken. At 3:45 p.m. he returned the search warrant to the magistrate, reporting on the return that he had made the search commanded in the warrant but failing to check the blank space to indicate that he had seized the items listed on the attached inventory. He did check the inventory form to indicate that he was "leaving a copy of this inventory with the owner of the place searched, Homer Ray Fruitt." After obtaining a warrant for defendant's arrest on a charge of felonious possession of four pounds of marijuana with intent to sell, the deputy

returned to defendant's residence at 7:00 p.m. on the same evening. Finding defendant at home, he placed him under arrest and gave him, at that time, a copy of the inventory of the property he had seized earlier. The deputy testified that he was "pretty sure" that he also gave defendant a copy of the search warrant at that time.

The defendant did not offer evidence at the hearing on his motion to suppress. At the conclusion of the hearing, the court entered an order finding facts substantially as shown by the State's evidence. On these facts, the court concluded as a matter of law that the evidence was obtained as a result of a substantial violation of the provisions of Chapter 15A and granted defendant's motion to suppress. We find the trial court's conclusion to be error and reverse.

G.S. 15A-974, which is entitled "Exclusion or suppression of unlawfully obtained evidence," is as follows:

Upon timely motion, evidence must be suppressed if:

(1) Its exclusion is required by the Constitution of the United States or the Constitution of the State of North Carolina; or

(2) It is obtained as a result of a substantial violation of the provisions of this Chapter. In determining whether a violation is substantial, the court must consider all the circumstances, including:

(a) The importance of the particular interest violated;

(b) The extent of the deviation from lawful conduct;

(c) The extent to which the violation was willful;

(d) The extent to which exclusion will tend to deter future violations of this Chapter.

The search having been conducted under authority of a valid search warrant, suppression of the evidence obtained by the search is not required by the Constitution of the United States or the Constitution of the State of North Carolina. Neither the Fourth Amendment to the Constitution of the United States nor our own State Constitution specifically directs the manner of execution of a search warrant, and the execution of the warrant will

withstand attack on constitutional grounds provided it does not amount to a breach of the constitutional mandate that people be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. No unreasonable search or seizure is disclosed by the record in this case. Therefore, G.S. 15A-974(1) is not here applicable, and the question presented by this appeal is whether suppression is required by G.S. 15A-974(2). On the facts disclosed by the record in this case we find that the evidence was not "obtained as a result of a substantial violation of the provisions" of G.S. Ch. 15A and that the evidence should not have been suppressed.

[1, 2] Upon arriving at the premises to be searched, the officer knocked at the door of defendant's dwelling but got no response. Even though it seemed clear to him that no one was present, he nevertheless read the search warrant out loud in a manner likely to be heard by anyone present. In doing so, the officer fully complied with the requirements of G.S. 15A-249 as to giving notice of his identity and purpose. Still receiving no response at the defendant's dwelling, the officer proceeded to the small frame outbuilding in the rear. Since the outbuilding was found padlocked on the outside in a manner which made it highly improbable that anyone was locked up inside, we hold that the officer, who had already complied with the provisions of G.S. 15A-249 by giving notice of his identity and purpose at the dwelling house where people might be reasonably expected to be, did not commit a substantial violation of that statute by failing to give a second notice at a part of the premises where no one could be reasonably expected to be. The officer's subsequent forcible entry into the outbuilding by removing the latch with a screwdriver was fully authorized by G.S. 15A-251(1). Thus, up to the time the marijuana was found and seized, no substantial violation of G.S. Ch. 15A had occurred. In carrying the marijuana from the premises without leaving a copy of the search warrant affixed to the premises, as required by G.S. 15A-252, and without leaving in the premises a receipt itemizing the items taken, as required by G.S. 15A-254, the officer did violate provisions of G.S. Ch. 15A. Since these violations occurred only after the marijuana had been lawfully seized, it can be logically contended that the evidence concerning the marijuana was not "obtained as a result" of these violations and that therefore G.S. 15A-974(2) has no application in the present case. Quite apart from that contention, however, we hold that,

State v. Fruitt

under all of the circumstances of this case, the failure of the officer to comply strictly with the provisions of G.S. 15A-252 and 15A-254 did not amount to a "substantial" violation of G.S. Ch. 15A within the meaning of G.S. 15A-974(2). The officer did return to the premises within approximately four hours and at that time delivered to defendant personally a copy of the inventory of items he had taken. He is "pretty sure" that he also gave defendant a copy of the search warrant at that time, and the defendant offered no evidence to show that he did not then receive it. The primary interest protected by the prohibition against unreasonable searches and seizures is the individual's reasonable expectation of privacy. Such violations of statutorily prescribed procedures as occurred in this case had no adverse impact whatever on that primary interest, since all of them occurred after the search was completed. The extent of the officer's deviation from strict compliance with the statute was minimal, and nothing in the record indicates that his violations were willful. It is questionable whether exclusion of the evidence in this case would have any appreciable tendency to deter future non-willful minimal violations of the provisions of G.S. Ch. 15A of the nature of those shown by this record. Considering all of the circumstances, including those listed in G.S. 15A-974(2) a., b., c., and d., we hold that the violations of provisions of G.S. Ch. 15A were not substantial, and that defendant's motion to suppress should not have been granted.

We do not condone the failure of law enforcement officers to comply strictly with all provisions of G.S. Ch. 15A. We hold only that under all of the circumstances of this case such violations as occurred were not so substantial as to require application of the exclusionary rule embodied in G.S. 15A-974. The order appealed from is

Reversed.

Judges BRITT and VAUGHN concur.