STATE OF NORTH CAROLINA v. DOROTHY HAGWOOD ROGERS

No. 7914SC443

(Filed 6 November 1979)

1. **Searches and Seizures § 47— motion to suppress—voir dire—alleged irrelevant evidence—absence of prejudice**

     Defendant was not prejudiced by the court's admission of allegedly irrelevant testimony during the voir dire hearing on defendant's motion to suppress seized evidence where the record fails to show how the trial judge's material findings of fact, conclusions and order were in any way influenced by the challenged testimony.

2. **Criminal Law § 15.1— denial of change of venue**

     The trial court did not err in the denial of defendant's motion for a change of venue where the court conducted a full inquiry, examined newspaper articles, and concluded that there were no facts to support a change of venue.

3. **Searches and Seizures § 42— failure to read search warrant—obstruction by defendant's husband**

     Officers substantially complied with the requirement of G.S. 15A-252 that a search warrant be read to the person in control of the premises to be searched where an actual reading of the warrant was rendered impossible because of active obstruction by defendant's husband.

4. **Narcotics § 3.3— testimony that substance "looked like" heroin—harmless error**

     Any error in the admission of an officer's testimony that a white powdery substance found around the rim of defendant's commode "looked like heroin" was cured when the State's expert identified the substance as heroin.

5. **Narcotics § 3.1— objects commonly used in processing heroin**

     In a prosecution for possession and manufacture of heroin, the trial court properly permitted testimony that certain paraphernalia and ingredients found in defendant's house were commonly used in the processing and packaging of heroin.

6. **Narcotics § 3.2; Searches and Seizures § 3— dog trained to detect heroin—safe deposit area of bank—no illegal search**

     An officer was properly permitted to testify that he took a dog which was trained to detect heroin to the safe deposit area of a bank and that the dog went to defendant's safe deposit box several times and tried to bite the

handle, although the officer had no search warrant when he took the dog to the safe deposit area, since defendant had no expectation of privacy in an area open to other customers of the bank and to bank employees, and the use of the dog did not constitute a search but constituted only a monitoring of the air in an area open to the public for the purpose of determining the existence of criminal enterprise nearby.

**7. Criminal Law § 42.6; Narcotics § 3.2— chain of identity of substance**

The State's evidence established a clear chain of identity between a substance obtained from defendant's residence and the substance which an SBI chemist testified he tested and found to contain heroin where the evidence showed that a package containing the substance was sealed and turned over to an officer who delivered the sealed package to the SBI laboratory in Raleigh.

**8. Narcotics § 4— possession and manufacture of heroin — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for possession and manufacturing of heroin.

**9. Weapons and Firearms § 2— possession of unregistered pistol — insufficiency of evidence**

The State's evidence was insufficient for the jury in a prosecution for possession of an unregistered pistol in violation of Ch. 157 of the 1935 Local Public Laws where it failed to show that defendant acquired the pistol more than 10 days prior to the date of the charged possession.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 11 December 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 18 September 1979.

Defendant Dorothy Rogers, together with her husband, was tried on two indictments charging possession and manufacture of heroin. These charges were consolidated with two charges of wilfull possession of a pistol without having first registered it, contrary to Local Public Laws of 1935 (Chapter 157).

State's evidence tended to show that defendant and her husband were owners and occupants of the house at 5110 Peppercorn Street in Durham. On March 27, 1975, at around 3:20 o'clock p.m., the Durham police went to the residence of the defendant and attempted to serve a search warrant on defendant's husband. Defendant's husband engaged in loud yelling and pushing, obstructing the officer who was attempting to serve the warrant. Other officers of the Narcotics Division rushed into the house where defendant was observed flushing the contents of a tin can down the commode. A search of the premises revealed heroin on the bath mat in front of the commode and on the rim of the com-

State v. Rogers

mode bowl. The officers also found an unopened package of heroin in a napkin in a dresser drawer in the bedroom, together with utility bills made out to defendant, a couple of measuring spoons, and a sifter. A .25 caliber pistol, Serial No. 3866, was also found in the bedroom. In the kitchen the officers found three sifters, numerous measuring spoons, a partial deck of cards, and two plastic bags, one containing sucrose and the other quinine and cornstarch. On the premises were found various other firearms, some televisions, and stereo equipment. A 1975 white Cadillac and a 1975 Continental were parked in the driveway. The 1975 Cadillac was registered in the name of defendant and under its front seat was found a loaded .32 caliber Smith & Wesson pistol. None of the pistols found on the premises was registered with the Durham County Clerk of Court.

The State's evidence further tended to show that on 3 March 1975, the defendant and her husband (under the names of Charles and Dorothy Page) rented a safe deposit box at a Wachovia Bank branch office in Durham. Defendant made numerous trips to the box, her last visit being on 24 March 1975 at 1:49 p.m. Norman Green, an expert narcotics detective, and his dog, Baron, which was trained to detect heroin, visited the safe deposit area on 26 March 1975, and several times Baron went to defendant's box and tried to bite the handle. A search of the box on 27 March 1975 pursuant to a search warrant revealed a substantial sum of money, numerous receipts, but no heroin.

Defendant was found guilty of felonious possession of heroin, manufacturing heroin, and three counts of possession of unregistered pistols. From sentence of imprisonment, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., for the State.*

*B. Frank Bullock, for the defendant.*

MARTIN (Robert M.), Judge.

In her brief, defendant has failed to state the questions and pertinent assignments of error and exceptions at the beginning of each argument as required by Appellate Rule 28(b)(3) which provides: "Immediately following each question [presented in the

brief] shall be a reference to the assignments of error and exceptions pertinent to the question . . ." Appeals are subject to dismissal for failure to comply with the North Carolina Rules of Appellate Procedure. We will, however, consider the appeal on its merits despite the difficulties presented by the appellant's brief.

[1] In her assignments of error one through six, defendant contends that the court erred in permitting irrelevant and prejudicial testimony during *voir dire*. The record does not show how the judge's material findings of fact, conclusions, and order are in any way influenced by the challenged evidence and defendant has failed to demonstrate that hearing of the evidence by the trial judge resulted in any prejudice to her. *State v. Thomas*, 34 N.C. App. 534, 239 S.E. 2d 281 (1977), *rev. denied* 294 N.C. 444, 241 S.E. 2d 846 (1978). Defendant's first six assignments of error are overruled.

[2] Defendant contends by her seventh assignment of error that the court erred in denying defendant's motion for a change of venue. The judge, in hearing the motion, conducted a full inquiry, examined newspaper articles, and concluded that there were no facts to support the motion for a change of venue. The record reveals that no juror objectionable to the defendant was permitted to sit on the jury panel. There was no error in denying the motion for a change of venue. *State v. Conrad*, 275 N.C. 342, 168 S.E. 2d 39 (1969).

[3] By her eighth assignment of error, defendant contends that evidence seized by the officer during his search of defendant's residence should have been excluded. She argues that no search warrant was read to her and that the search violated N.C. Gen. Stat. § 15A-252. This statute, which provides that "[b]efore undertaking any search or seizure pursuant to the warrant, the officer must read the warrant and give a copy of the warrant application and affidavit to the person to be searched, or the person in apparent control of the premises . . . to be searched . . . ," did not apply to the search in the instant case, which was conducted 27 March 1975. The Criminal Procedure Act (Chapter 15A of the North Carolina General Statutes) became effective 1 July 1975. Moreover, it appears that an actual reading of the search warrant was rendered impossible because of the active obstruction by defendant's husband of the officers in their attempt to read the

warrant. We find that there was substantial compliance with the provisions of the statutes claimed to have been violated. *See State v. Fruitt*, 35 N.C. App. 177, 241 S.E. 2d 125 (1978); *State v. Watson*, 19 N.C. App. 160, 198 S.E. 2d 185, *rev. denied* 284 N.C. 124, 199 S.E. 2d 662 (1973). The evidence was not obtained "as a result" of a violation of any provision of Chapter 15A. Therefore, its exclusion was not required by N.C. Gen. Stat. § 15A-974(2). *See State v. Richardson*, 295 N.C. 309, 245 S.E. 2d 754 (1978). This assignment of error is overruled.

[4]　In her ninth assignment of error, defendant argues that it was prejudicial error for Officer C. E. Britt to testify that the white powdery substance found around the rim of defendant's commode "looked like heroin." Any error in the admission of this evidence was cured when the State's expert subsequently identified the substance as heroin. *See State v. Bagnard*, 24 N.C. App. 54, 210 S.E. 2d 93, *cert. denied* 286 N.C. 416, 211 S.E. 2d 796 (1974). This assignment of error is overruled.

[5]　Defendant contends by assignments of error 11 and 16 that the trial court erred in permitting testimony that certain paraphernalia and ingredients found in defendant's house were commonly used in the processing and packaging of the narcotic drug heroin. The questions posed by these assignments of error have been answered by this Court in *State v. Bell*, 33 N.C. App. 607, 235 S.E. 2d 886, *rev. denied* 293 N.C. 254, 237 S.E. 2d 536 (1977). In that case we said:

> The defendant was tried, among other things, for the manufacture of heroin. G.S. 90-87(15) defines the term "manufacture" to include the packaging or repackaging of a controlled substance or the labeling or relabeling of its container. Buchanan's demonstration and testimony concerning the process of cutting, bagging, and mixing heroin was important to help the jury better understand the charges against the defendant and it was helpful in illustrating to the jury how the items contained in the black carrying case could have been used to package heroin.

*Id.* at 609, 235 S.E. 2d 888.

[6]　By defendant's fourteenth assignment of error defendant contends that Officer Fuller's testimony as to the dog Baron's reac-

tion in his search of the bank was incompetent for that no search warrant had been obtained for the safety deposit area. The test of the validity of a search is reasonableness. The test of what constitutes a search has been stated as a governmental intrusion into an area in which a person has a reasonable expectation of privacy. Generally, evidence acquired by unaided human senses from without a protected area is not considered an illegal invasion of privacy, but is usable under doctrines of plain view or open view or the equivalent. Odors so detected may furnish evidence of probable cause of most persuasive character. *United States v. Solis*, 536 Fed. 2d 880 (9th Cir. 1976). In determining whether the use of the dog Baron to replace the natural senses of officers constitutes unreasonable search, the court must determine whether the defendant had reasonable expectation of privacy. Privacy could not be expected in an area open to customers of the bank and bank employees who were free to open and shut nearby boxes. We hold that the use of the dog did not constitute a search but rather constituted a monitoring of the air in an area open to the public for determining the existence of criminal enterprise nearby. *U.S. v. Solis*, 536 F. 2d 880 (9th Cir. 1976). We do not find that, on the facts before us, the search was carried out in an unreasonable manner or that the use of the dog itself was unreasonable invasion of defendant's privacy. Accordingly, defendant's assignments of error are overruled.

[7]  We disagree with defendant that a chain of custody was not established in the admission of State's exhibits. The State's evidence established a clear chain of identity between the substance which Officer Fuller testified he procured at defendant's residence and that substance which the State's chemist, Jerry Dismukes, testified he tested and found to contain heroin. There was evidence that the package was sealed when turned over to Officer Calvin Smith who delivered the sealed package to the S.B.I. laboratory in Raleigh. *State v. Newcomb*, 36 N.C. App. 137, 243 S.E. 2d 175 (1978); *State v. Jordan*, 14 N.C. App. 453, 188 S.E. 2d 701, *rev. denied* 281 N.C. 626, 190 S.E. 2d 469 (1972). Defendant's seventeenth assignment of error is overruled.

No reason or argument is stated or authority cited in support of appellant's assignments of error 10 and 13, and they are therefore deemed abandoned. Appellate Rule 28(b)(3).

Defendant's assignments of error 12, 15, 18 and 19 raise questions concerning admission of evidence. We have carefully examined these assignments of error and supporting exceptions, and no error of law requiring a new trial has been made to appear.

[8] Defendant contends by assignments of error 21 and 22 that the court erred in refusing to grant defendant's motion for nonsuit. The evidence relative to the charges of possession and manufacturing of heroin was sufficient for jury consideration. *State v. Bell*, 33 N.C. App. 607, 235 S.E. 2d 886, *rev. denied* 293 N.C. 254, 237 S.E. 2d 536 (1977). The authority upon which defendant relies was expressly overruled by this Court in *State v. Childers*, 41 N.C. App. 729, 255 S.E. 2d 654, *rev. denied* 298 N.C. 302, 259 S.E. 2d 916 (1979).

[9] One of the elements of the offense of possession of an unregistered pistol, as provided in 1935 Sess. Law Ch. 157, is that "registration of pistols shall be done within 10 days after purchase or transfer thereof where acquisition of the weapon occurred on or after 15 March 1935."

The State failed to establish that the defendant had possession of the pistols 10 days prior to 27 March 1975. The charge of possession of unregistered pistols should have been dismissed, in that no evidence was adduced by the State on this essential element of the offense.

We have examined defendant's assignments of error Nos. 23, 24, 25, 26 and 27 (relating to instructions given by the trial court to the jury) and find they are without merit. Accordingly, they are overruled.

In the charge of possession and manufacturing of heroin we find no prejudicial error. In the charges of possession of unregistered pistols we reverse and remand to the trial court to vacate the convictions.

In No. 75CR8045, no error.

In No. 75CR9401, no error.

In No. 75CR8046, reversed.

In No. 75CR8047, reversed.

Chief Judge MORRIS and Judge PARKER concur.