State v. Cuthrell

STATE OF NORTH CAROLINA v. JAMES CUTHRELL, SR.

No. 8015SC652

(Filed 16 December 1980)

**1. Narcotics § 3.1— contraband introduced at trial — chain of custody suffi-
ciently shown**

In a prosecution of defendant for possession and sale of marijuana and cocaine,
there was no merit to defendant's contention that there was not a sufficient showing
of a chain of custody of cocaine and marijuana identified at trial, since the officers
who handled the drugs positively identified the exhibits and accounted for every link
in the chain of possession; the State's evidence established a clear chain of identity
between the substances an SBI agent testified defendant sold him and the substan-
ces which the State's chemist testified he tested and found to contain cocaine and
marijuana; and the unique manner in which the marijuana was packaged substan-
tiated the SBI agent's identification and tended to negate any inference that the
agent was unable to distinguish the substances sold to him by defendant from the
other narcotics occupying the agent's trunk.

**2. Narcotics § 4.5— sale and delivery charged in bill of indictment —instruc-
tion on sale or delivery — no error**

Where the bills of indictment charged defendant with sale *and* delivery of
cocaine and marijuana, but the trial judge instructed with respect to sale *or* delivery,
the fact that the trial judge charged in such a manner so that defendant was exposed
to conviction of but one offense with respect to sale and delivery rather than two
separate offenses as charged in the bills of indictment did not prejudice defendant.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 13
February 1980 in Superior Court, CHATHAM County. Heard in the
Court of Appeals 12 November 1980.

Defendant James Cuthrell, Sr., was tried and convicted of pos-
session of marijuana with intent to sell or deliver, possession of
cocaine with intent to sell or deliver, sale or delivery of marijuana, and
sale or delivery of cocaine. The indictments with regard to the latter
two offenses charged defendant with sale *and* delivery of marijuana
and of cocaine respectively.

The State's evidence tended to show that on 20 September 1979
in Chapel Hill, a special agent of the State Bureau of Investigation
(SBI), John L. Bowden, met with defendant. At that time Bowden and
defendant discussed and negotiated a sale by defendant to Bowden of a
pound of marijuana and some cocaine. The sale was consummated
later that day at a duplex apartment in Chatham County at which
time Bowden took possession of a white powdery substance packaged
in aluminum foil, and a green vegetable material contained in a ziploc

plastic bag (State's Exhibit #7) which was wrapped in a black and white tablecloth (State's Exhibit #6) and placed in the bottom of a long plastic bag (State's Exhibit #5). Bowden placed his identifying marks on both packages. From 20 September 1979 until the times Bowden delivered each package to the SBI laboratory, he kept them in the locked trunk of his automobile. Bowden delivered the aluminum foil package to Thomas McSwain at the SBI laboratory sometime on 27 September 1979. Bowden delivered the bag containing the green vegetable material to Crosby Berry at the SBI laboratory sometime on 27 September 1979.

Berry, an SBI fingerprint expert, removed the green vegetable material contained in the package delivered to him, put it in an evidence bag, marked it for identification and gave it to McSwain. Berry's examination of State's Exhibits #5, #6 and #7, revealed a fingerprint matching that of defendant. Berry kept possession of these exhibits until their introduction at trial. Thomas McSwain, the SBI chemist who examined the contents of each package identified the white powdery substance as cocaine and the green vegetable material as marijuana. After his examination McSwain placed each substance in separate envelopes and returned them to Bowden. Bowden maintained possession until trial.

On cross examination, Bowden admitted that during the month of September, 1979, he purchased other narcotics which he also placed and locked in the trunk of his automobile. Bowden could not recall the exact number or varieties of the other purchases that occupied the trunk between 20 September 1979 and 27 September 1979.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Levine & Stewart, by Michael D. Levine, for the defendant appellant.*

WELLS, Judge.

[1] Defendant first assigns error to the admission into evidence of the cocaine and marijuana identified at trial. Defendant contends that with respect to these exhibits there was not a sufficient showing of a chain of custody. This contention is without merit. The officers who handled the drugs positively identified the exhibits and accounted for every link in the chain of possession. *State v. Olsen,* 25 N.C. App. 451, 453, 213 S.E. 2d 372, 374 (1975); *cert. denied,* 287 N.C. 468, 215 S.E. 2d

628 (1975). The State's evidence established a clear chain of identity between the substances Agent Bowden testified defendant sold him and the substances which the State's chemist testified he tested and found to contain cocaine and marijuana respectively. *State v. Rogers,* 43 N.C. App. 475, 480, 259 S.E. 2d 572, 576 (1979); *State v. Williams,* 20 N.C. App. 310, 312, 201 S.E. 2d 366, 367 (1973); *cert. denied,* 285 N.C. 89, 203 S.E. 2d 62 (1974) (substance purchased kept in locked trunk of agent's car). The unique manner in which the marijuana was packaged substantiates Agent Bowden's identification and tends to negate any inference that Bowden was unable to distinguish the substances sold to him by defendant from the other narcotics occupying Bowden's trunk.

**[2]** Defendant next assigns as error the failure of the trial court to properly instruct the jury as to the elements of the offenses charged in the bills of indictment. The indictments used the phrase "sell and deliver" instead of "sell or deliver". The pertinent statute, G.S. 90-95 (a) (1) makes it unlawful for any person to "manufacture, sell or deliver" a controlled substance. The evidence produced by the State tends to show both sale and delivery by defendant of each controlled substance. As to the cocaine, the trial court charged the jury as follows:

> So I charge that if you find from the evidence beyond a reasonable doubt that on or about the 20th day of September, 1979, James Cuthrell knowingly placed a quantity of cocaine within the dominion and control of James [*sic*] Bowden with the intent to transfer the possession of that cocaine to James [*sic*] Bowden and/or this act was done in exchange for $400 in United States currency actually placed by James [*sic*] Bowden within the dominion and control of James Cuthrell, then it would be your duty to return a verdict of guilty of sale or delivery of cocaine. However, if you do not so find or if you have a reasonable doubt, then it would be your duty to return a verdict of not guilty.

A similar charge was given as to the marijuana.

The pertinent counts in the bills of indictment charged two acts, sale and delivery, which were a part of a single transaction. The two acts could have been charged as separate offenses. *See State v. Dietz,* 289 N.C. 488, 498, 223 S.E. 2d 357, 364 (1976). The fact that the trial judge charged the jury in such manner so that the defendant was exposed to conviction of but one offense with respect to sale and

---

delivery rather than two separate offenses as charged in the bills of indictment does not prejudice defendant. *State v. O'Keefe*, 263 N.C. 53, 56, 138 S.E. 2d 767, 769 (1964), *cert. denied*, 380 U.S. 985, 14 L.Ed. 2d 277, 85 S.Ct. 1355 (1965); *see also State v. Dietz, supra*. We, therefore, find no error in the charge of the court.

No error.

Judges VAUGHN and MARTIN (Robert) concur.