STATE OF NORTH CAROLINA v. MICHAEL VANCE POPLIN

No. 8120SC560

(Filed 16 March 1982)

1. Constitutional Law § 30; Bills of Discovery § 6— failure to comply with discovery order—denial of motion to dismiss proper

In a prosecution for aiding and abetting the sale of cocaine, the trial court did not abuse its discretion under G.S. 15A-910 in denying defendant's motion to dismiss or to continue his case on the ground the State had not complied with a motion for discovery where (1) before the trial began the court heard the motion for discovery and after the State had furnished certain items to the defendant, he indicated he was satisfied, (2) defendant's attorney stated that if there were some "great discrepancy" in the substance analyzed, he might want to have it examined, and (3) after the trial had commenced, a chemist for the

State Bureau of Investigation testified that at the time he examined the substance it was not of the consistency that it was in the courtroom.

**2. Narcotics § 2— indictment—failure to name party aided and abetted**

   Where an indictment charged that defendant aided and abetted in the sale and delivery of cocaine, the failure to name the party whom the defendant aided and abetted did not violate G.S. 15A-924.

**3. Criminal Law § 69— evidence of telephone conversations not prejudicial—identification by voice**

   A witness's identification of the defendant as the person to whom he spoke by telephone was properly admitted where the witness testified that before going to defendant's home he called twice and asked for Mike; that each time he was told that Mike was not there but would return; that he called later and talked to the defendant in regard to the sale of drugs; that he went to the defendant's home and talked to him at which time he recognized defendant's voice as being the voice of the Mike he had talked to by telephone. Evidence of the conversation with the person to whom the witness talked before he talked to Mike was not prejudicial to defendant.

**4. Criminal Law § 88.1— cross-examination—properly limited**

   The trial court properly sustained objections by the State to questions asked by defendant on cross-examination of the State's witnesses where one of the questions asked what procedures were prescribed by the State Bureau of Investigation as to testing the substance confiscated, other questions were repetitious or argumentative, and where the court allowed extensive cross-examination of the witnesses.

**5. Criminal Law § 51.1— qualification of expert in chemical analysis**

   There was sufficient evidence for the court to find a witness was an expert in chemical analysis where the witness testified that he had a B.S. degree in Chemistry from North Carolina State Univeristy, that he had ten years experience in analyzing subjects for chemical content, and he had attended several schools dealing with chemical analysis.

**6. Criminal Law § 42.6— chain of custody—sufficiency of evidence**

   Evidence was sufficient to prove an unbroken chain of custody where it tended to show that a witness testified he kept the evidence in his possession or in a locked cabinet until he mailed it to the State Bureau of Investigation Laboratory in a sealed envelope and where another witness testified he received the envelope, analyzed the contents, and mailed the substance in a sealed envelope back to the first witness.

**7. Criminal Law § 99.5— judge's comments to counsel—no expression of opinion**

   Remarks by the trial judge which directed the defense counsel not to argue with the witness or the district attorney, to give the witness time to answer, or to proceed with his questions did not amount to an expression of an opinion by the court.

8. **Criminal Law § 9.1; Narcotics § 4— aiding and abetting sale of cocaine—sufficiency of evidence**

There was sufficient evidence to support defendant's conviction of aiding and abetting in the sale of cocaine where the evidence tended to show that defendant told a witness he had retired but would send someone to pick him up; an automobile arrived and carried the witness to defendant's home; defendant stated that he did not handle cocaine any longer but someone else would handle it; another man stated to the witness that he was the man with whom he would deal; defendant lay on the couch in the living room while the witness and another person got cocaine from a birdhouse in defendant's yard; and they returned to the living room and exchanged $1200 in the presence of the defendant.

9. **Criminal Law § 118— recapitulation of evidence—discrepancies not called to attention of court**

Where the defendant did not call to the attention of the court discrepancies in the evidence and what the defendant contends should have been recapitulated, there was not reversible error in the failure of the court to charge on certain contentions of the defendant.

10. **Criminal Law § 101— denial of request to allow jury to take items to jury room**

The denial of a motion by defendant that jurors be allowed to take to the jury room certain photographs, the warrant and the bill of indictment was within the discretion of the court. G.S. 15A-1233(b).

11. **Criminal Law § 139; Narcotics § 6— maximum sentence imposed—no error**

In a prosecution for aiding and abetting the sale of cocaine, the trial court did not err in imposing the maximum sentence of not more nor less than ten years and a fine of $10,000.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 22 January 1981 in Superior Court, STANLY County. Heard in the Court of Appeals 11 November 1981.

The defendant was tried for aiding and abetting the sale of cocaine. The State's evidence tended to show that M. B. Robertson, a Special Agent of the State Bureau of Investigation, was working as an undercover agent in Stanly County on 21 July 1980. On that date, he went to the home of the defendant and was introduced by the defendant to Larry Blalock. Mr. Robertson followed Mr. Blalock to a utility pole in the defendant's backyard on which utility pole was a birdhouse. Mr. Blalock removed a package from the birdhouse and handed it to Mr. Robertson. The two men then returned to the house and Mr. Robertson in the presence of the defendant gave $1,200.00 to Mr. Blalock. An

analysis of the contents of the package revealed the package contained cocaine.

The defendant was convicted and appealed from the sentence imposed.

*Attorney General Edmisten, by Associate Attorney Richard H. Carlton, for the State.*

*Joe D. Floyd and David K. Rosenblutt for defendant appellant.*

WEBB, Judge.

[1] The defendant has brought forward 18 assignments of error. He first argues that it was error not to dismiss the case or otherwise impose sanctions upon the State for the failure of the State to comply with the defendant's motion for discovery. The defendant made a request for voluntary discovery pursuant to G.S. 15A-902 on 10 November 1980. He then filed a motion for discovery pursuant to G.S. 15A-903 on 2 December 1980. This motion was not heard until the case was called for trial. When the case was called for trial the court heard the motion in the absence of the jury panel and before a plea was taken. At that time the State furnished the defendant with certain items for which the motion for discovery had been made. The defendant's attorney then announced: "Your Honor, I think that they have more or less complied at this time with our requests." The defendant's attorney stated further that he presumed the agent who analyzed the substance would testify and he did not anticipate wanting to make an examination of the substance "unless we find later that there is some great discrepancy . . . But we would like to sort of leave that open in case that something happens that this particular officer is not here to testify who ran the results of these tests." The defendant's attorney stated that for the record he made a motion to dismiss or in the alternative a motion to continue on the ground the State had not complied with the motion for discovery. These motions were denied.

After the trial had commenced the State called T. H. McSwain, a chemist for the State Bureau of Investigation, to testify as to the results of the analysis of the substance in the package. A *voir dire* hearing was held out of the presence of the

jury. Mr. McSwain testified that at the time he examined the substance it was not of the consistency that it was in the court-room. He testified when he examined it, it was crumbly but was more or less like a wad of gum in the courtroom. The defendant renewed his motion to dismiss or to continue the case on the ground the State had not complied with the motion for discovery. The court denied the defendant's motion.

We hold that the court did not abuse its discretion under G.S. 15A-910 in denying the defendant's motion. Before the trial began the court heard the motion for discovery and after the State had furnished certain items to the defendant he indicated he was satisfied. It is true that his attorney stated that if there were some "great discrepancy" in the substance, he might want to have it examined. We believe the court was within its discretion in denying the renewal of the motion when it was found during the trial that the substance had changed its consistency from the time Mr. McSwain examined it and the time it was offered in evidence. The defendant's first assignment of error is overruled.

[2] In his second assignment of error the defendant challenges the sufficiency of the indictment. The indictment charges that the defendant aided and abetted the sale and delivery of cocaine to M. D. Robertson. It does not name the person who was allegedly aided and abetted in the sale. The defendant argues this constitutes a fatal defect in the indictment. He cites several cases from the federal courts and from the courts of other states in support of this argument. G.S. 15A-924 provides in part:

"(a) A criminal pleading must contain:

*     *     *

(5) A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation. . . ."

We hold that the failure to name the party whom the defendant aided and abetted did not violate G.S. 15A-924 by failing to assert a fact supporting an element of the offense. We believe the indict-

ment asserted facts supporting every element of the criminal offense and the defendant's commission of it so that the defendant should have clearly been apprised of the conduct which was the subject of the accusation. This would conform to the requirements of G.S. 15A-924 without naming the party whom the defendant was alleged to have aided and abetted. *See State v. Greer*, 238 N.C. 325, 77 S.E. 2d 917 (1953) for the requirements of a bill of indictment.

[3]   In this third assignment of error the defendant argues that it was error for Mr. Robertson to testify as to certain telephone conversations. Mr. Robertson testified that before going to the defendant's home he called twice and asked for Mike. Each time he was told that Mike was not there but would return. Mr. Robertson testified further that he called later and talked to the defendant in regard to the sale of drugs. He then went to the defendant's home and talked to him at which time he recognized defendant's voice as being the voice of the Mike he had talked to by telephone. The defendant contends this testimony should have been excluded on the ground that the identity of the persons to whom Mr. Robertson talked was not sufficiently established. As to the conversation with the person to whom Mr. Robertson talked before he talked to Mike, we do not believe this was prejudicial to the defendant. It produced no substantive evidence against him. As to the witness's identification of the defendant as the person to whom he talked, we believe there was sufficient evidence of identification for this testimony to be admissible. *See State v. Williams*, 288 N.C. 680, 220 S.E. 2d 558 (1975) and *State v. Strickland*, 229 N.C. 201, 49 S.E. 2d 469 (1948) for a discussion of the identification requirements of a telephone conversation.

Under his third assignment of error the defendant also contends it was error not to exclude Mr. Robertson's testimony as to his conversation with Larry Blalock when the two of them left the presence of the defendant to get the package from the birdhouse on the utility pole. We hold this was properly admissible as testimony accompanying and characterizing an act. *See* 1 Stansbury's N.C. Evidence § 159 (Brandis rev. 1973). The defendant's third assignment of error is overruled.

In his fourth assignment of error the defendant contends he was prejudiced because the court denied his motion to sequester

the State's witnesses. The motion to sequester was made after Mr. Robertson had commenced his testimony. The only other witness for the State was T. H. McSwain who testified as to his analysis of the contents of the package. We hold the court did not abuse its discretion by denying this motion to sequester the witnesses.

[4] The defendant's fifth assignment of error pertains to the sustaining of objections by the State to questions asked by the defendant on cross-examination of the State's witnesses. Mr. McSwain testified on *voir dire* as to the tests he ran on the substance. Defendant asked on cross-examination what procedures were prescribed by the State Bureau of Investigation as to testing the substance to which the court sustained the objection of the State. The record does not show what the witness's answer would have been. We do not believe the court committed error in sustaining this objection whatever the witness would have answered. The witness had established a chain of custody for the evidence and testified that his chemical analysis showed it was cocaine. The defendant's cross-examination as to the nature of the analysis should have been made before the jury. It was not the judge's prerogative at a *voir dire* hearing to pass on the weight to be given to the analysis.

When Mr. McSwain testified before the jury and the defendant was cross-examining, he asked the following question as to a notation on the report: "All right. Now, I ask you if this report doesn't say 'Where Found or From Whom: Delivered from suspect.' Now you haven't heard anybody testify that that substance was delivered from my client at any time, had you?" The court properly sustained an objection to this question. It is obvious that this notation was placed on the report accompanying the substance as a part of the internal procedure of the State Bureau of Investigation. It was not germane to the guilt or innocence of the defendant. The defendant also says it was error to sustain an objection to a question asked Mr. McSwain as to whether the substance would have spilled if it had been replaced in an envelope without being folded. This question came at the end of a series of questions in regard to how the substance was placed in the envelope. It was repetitious and argumentative. Objection to it was properly sustained.

The defendant excepted to seven rulings on questions asked Mr. Robertson on cross-examination. He makes all these exceptions a part of his fifth assignment of error. In his brief he says many of them were designed to show the inconsistency of the witness's testimony at the preliminary hearing and at the trial. We have examined each of the exceptions. Some of the questions are argumentative. Others are repetitious. The court allowed extensive cross-examination of the witness. We hold there was no error in limiting the cross-examination as was done by the court. The defendant's fifth assignment of error is overruled.

[5] In his sixth assignment of error the defendant contends there was not sufficient evidence for the court to find Mr. McSwain was an expert in chemical analysis. A person may qualify as an expert witness if "through study or experience, or both, he has acquired such skill that he is better qualified than the jury to form an opinion on the particular subject." *See* 1 Stansbury's N.C. Evidence § 133 (Brandis rev. 1973). Mr. McSwain testified he had a B.S. degree in Chemistry from North Carolina State University, that he had ten years experience in analyzing subjects for chemical content, and he had attended several schools dealing with chemical analysis. We believe from this testimony the court could find that Mr. McSwain was better qualified than the jury to form an opinion as to the chemical content of the substance.

[6] Under his sixth assignment of error the defendant also brings forward an exception to the testimony of Mr. McSwain as to the results of the chemical analysis and the admission of the substance into evidence on the ground the State did not prove an unbroken chain of custody. *See State v. Cuthrell*, 50 N.C. App. 195, 272 S.E. 2d 616 (1980). Mr. Robertson testified he kept the evidence in his possession or in a locked cabinet until he mailed it to the State Bureau of Investigation Laboratory in a sealed envelope. Mr. McSwain testified he received the envelope, analyzed the contents, and mailed the substance in a sealed envelope to Mr. Robertson. Mr. Robertson testified he received the envelope and had kept it in his possession or in a locked cabinet since that time. We hold this is sufficient for the State to prove an unbroken chain of custody. The defendant's sixth assignment of error is overruled.

[7]  In his seventh assignment of error the defendant contends he was prejudiced by the judge's comments during the trial which amounted to an expression of an opinion by the court. We disagree. On numerous occasions, defense counsel asked argumentative questions, refused to give the witness time to answer questions, and argued with the district attorney. The remarks of the court to which the defendant assigns error either directed the defense counsel not to argue with the witness or the district attorney, to give the witness time to answer, or to proceed with his questions. In this we find no error. The defendant's seventh assignment of error is overruled.

[8]  In his eighth assignment of error the defendant argues that his motion to dismiss should have been allowed on the ground that there was insufficient evidence to support his conviction of aiding and abetting in the sale of cocaine. Mr. Robertson testified that the defendant told him by telephone that he had retired but he had someone else to handle the business and would send someone else to pick him up. An automobile in which there was an unidentified female and Larry Blalock met Mr. Robertson and another person in the town of Norwood and carried them to the defendant's home. At that time defendant stated to Mr. Robertson that he did not handle cocaine any longer but someone else would handle it. Mr. Blalock stated to Mr. Robertson that he was the man he would deal with. The defendant lay on the couch in the living room while Robertson and Blalock got the cocaine from the birdhouse, returned to the living room and exchanged the $1,200.00 in the presence of the defendant. We hold that from this evidence the jury could conclude that the defendant was at the scene with Mr. Blalock and ready to render assistance and encouragement to him in the sale of the cocaine, which presence and readiness to assist was known to Mr. Blalock. This would constitute aiding and abetting the sale of cocaine. *See State v. McKinney,* 288 N.C. 113, 215 S.E. 2d 578 (1975). The defendant's eighth assignment of error is overruled.

In his ninth assignment of error the defendant argues he was prejudiced by improper questions on cross-examination of the defendant's witnesses. Dean Lowder testified for the defendant that he was in the defendant's home when the defendant, Larry Blalock, Mr. Robertson, and another person came in. He testified further that he saw the defendant lying on the couch and did not

take part in any transaction between the defendant and Mr. Robertson. On cross-examination he stated he never knew the defendant used the alias Michael Lee Folse. He was asked again over the objection of the defendant whether he knew the defendant used this alias and again he answered that he did not. Dean Lowder was then asked whether he had a passport to Columbia and Ecuador to which the witness answered that he did not. The court allowed the repetition of this question over the objection of the defendant to which the witness again answered in the negative. The witness then was asked whether he owed the defendant any money. He answered that he did not. The witness was asked this question again, and again he answered he did not. The court sustained an objection to the question when asked a third time. The defendant contends that by allowing these questions the prosecution was allowed to plant in the jury's mind the idea that defendant was a large drug dealer with connections in South America. We do not believe it was prejudicial error to allow this limited cross-examination.

Elwood Farmer testified as to the defendant's good character and reputation in the community. On cross-examination he was asked if he would change his opinion if he knew the defendant was selling cocaine. The defendant's objection to this question was sustained. We do not believe the defendant was prejudiced by this. The defendant's ninth assignment of error is overruled.

In his tenth assignment of error the defendant argues the prosecuting attorney made improper statements in his argument to the jury. In his closing argument the prosecuting attorney stated the defendant was wearing a $300.00 suit, that "cocaine doesn't come from the United States . . . you know where it comes from," that the jury was the "conscience" of the community, and they "better bring back a verdict of guilty." The court sustained the defendant's objections to these statements and instructed the jury to disregard them. The court allowed the prosecuting attorney to argue over the objection of the defendant that the defendant was guilty and the defendant "and his crew" had been selling cocaine to the jury's children. We find no prejudicial error in the court's handling of the jury argument by the prosecuting attorney.

[9] In his eleventh assignment of error the defendant contends he was prejudiced by the court's recapitulation of the evidence.

He argues that in the recapitulation, the court did not properly state his contentions. The court stated that the State contended the substance seized from the defendant was analyzed and found to be cocaine. The defendant argues the court should also have instructed the jury that the defendant contended the substance had been substantially altered and was in a materially different condition from the substance sent to the State Bureau of Investigation Laboratory in Raleigh. The defendant also contends it was error for the court to charge that the defendant invited Mr. Robertson into the house and stated to him that Blalock would sell him cocaine. The defendant did not call to the attention of the court these discrepancies in the evidence and what the defendant contends should have been recapitulated. We hold there was not reversible error in this failure of the court to charge on these contentions of the defendant.

[10] Before the jury began its deliberations the defendant requested that they be allowed to take to the jury room certain photographs, the warrant, and the bill of indictment. The court denied this motion. The defendant brings forward as his twelfth assignment of error this ruling of the court. The denial of this motion was within the discretion of the court. G.S. 15A-1233(b). This assignment of error is overruled.

[11] In his thirteenth assignment of error the defendant argues that it was error for the court to impose the maximum sentence of not more nor less than ten years and a fine of $10,000.00. The defendant cites several cases which hold that it is reversible error for the court to consider irrelevant and improper matter in imposing a sentence. There is no evidence in the record that the court considered improper or irrelevant matter in imposing the sentence in this case. The defendant's thirteenth assignment of error is overruled.

In his fourteenth through seventeenth assignments of error the defendant contends the court should have allowed his motion for appropriate relief, allowed his motion to arrest the judgment, set aside the verdict, and granted his motion for a new trial. In his brief he states that each of these is a formal assignment of error to afford review of other assignments of error. We overrule assignments of error fourteen through seventeen.

In his eighteenth assignment of error the defendant contends the court committed error in denying him an appearance bond pending his appeal. We hold the court did not abuse its discretion by denying the defendant an appearance bond. *See* G.S. 15A-536.

No error.

Judges WELLS and HILL concur.