State v. Copeland

STATE OF NORTH CAROLINA v. DANIEL COPELAND

No. 831SC75

(Filed 18 October 1983)

**Searches and Seizures § 19— illegible application and affidavit—deviation from statute not substantial**

There was not a substantial deviation of the requirements of G.S. 15A-252 where the application and affidavit attached to a search warrant were illegible since (1) the warrant was legible and there was no question as to the area being searched, (2) if the defendant desired to challenge the validity of the affidavit and application there was little difficulty in using the originals on file with the court, and (3) there was no evidence that the violation was willful. G.S. 15A-974.

APPEAL by defendant from *Smith, Judge.* Judgment entered 15 November 1982 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 29 September 1983.

Defendant was indicted for possession of Lysergic Acid Diethylamide, a Schedule I controlled substance. He filed motions to suppress evidence seized during a search of his premises pursuant to a search warrant, and to suppress any statement made by the defendant during the search. The evidence showed that the application and affidavits attached to the copy of the search warrant were illegible. The court overruled the motions to suppress and the defendant pled guilty after informing the court of his intention to appeal.

The defendant appealed from the imposition of a sentence.

*Attorney General Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*Twiford and Derrick, by Jack H. Derrick, for defendant appellant.*

WEBB, Judge.

The defendant argues that it was error to admit evidence seized as a result of the search because the search was conducted in such a way that there was a substantial violation of G.S. 15A-252. The defendant contends the evidence should be excluded under G.S. 15A-974(2). G.S. 15A-252 requires that a copy of the

State v. Copeland

search warrant must be left with the person searched. The defendant argues that since the application and affidavit attached to the search warrant were illegible, a copy of the search warrant was not left with him as required by G.S. 15A-252. G.S. 15A-974 provides:

Upon timely motion, evidence must be suppressed if:

. . . .

(2) It is obtained as a result of a substantial violation of the provisions of this Chapter. In determining whether a violation is substantial, the court must consider all the circumstances, including:

a. The importance of the particular interest violated;

b. The extent of the deviation from lawful conduct;

c. The extent to which the violation was willful;

d. The extent to which exclusion will tend to deter future violations of this Chapter.

In determining whether the search was a substantial violation of G.S. 15A-252, we are guided by *State v. Fruitt*, 35 N.C. App. 177, 241 S.E. 2d 125 (1978). In that case, the searching officer did not leave a copy of an inventory of seized property or a copy of the warrant on the premises after he had conducted the search. He gave such copies to the defendant at a later time when he arrested him. This Court held this was not a substantial violation of the Chapter.

In this case we do not believe the deviation of the officer from the requirement of G.S. 15A-252 was substantial. The interest violated would be the invasion of the defendant's privacy not in conformity with G.S. 15A-252. We believe this was minimal. The warrant was legible and there was no question as to the area being searched. If the defendant desired to challenge the validity of the affidavit and application there would be little difficulty in using the originals on file with the court. There is no evidence that the violation was wilful and we do not believe the exclusion of the evidence in this case will tend to deter future violations. We believe some deviations by accident in the serving of search warrants will occur in future cases as it did in this case whatever

result we reach. The defendant's first assignment of error is overruled.

The defendant also assigns error to the admission in evidence of certain statements he made to the officers at the time of the search. The defendant contends these statements were the "fruit of a poisonous tree" and should have been excluded. *See State v. McDaniel,* 274 N.C. 574, 164 S.E. 2d 469 (1968). Since we have held the search did not substantially deviate from the requirement of G.S. 15A-252, we do not believe there was a "poisonous tree." This assignment of error is overruled.

Affirmed.

Judges HEDRICK and HILL concur.